J^FOIL, J.
This appeal challenges a trial court’s ruling on an insurance coverage issue. We affirm.
BACKGROUND
The facts forming the basis for the coverage issue in this case are undisputed. On March 14, 1996, Jeff Meyer was riding his bicycle when he was struck by a vehicle driven by Gerald Gulotta. Frederick Meyer, Jeffs father and curator, filed this lawsuit stemming from that accident against Gerald Gulotta, Progressive Security Insurance Company, which issued an auto *740 mobile liability policy to Mr. Gulotta, and American Central Insurance Company. American issued an automobile policy to Frederick and Janis Meyer, Jeffs parents, which included uninsured/underinsured motorist coverage.
American filed a motion for summary judgment, contending that Jeff was not insured under his parents’ policy because he was not a resident of his parents’ household, but instead had lived separately from his parents for at least two-and-a-half years before the accident. Frederick Meyer also filed a motion for summary judgment on behalf of Jeff, contending that the policy did provide coverage. He relied on La.Civ.Code art. 39, which proclaims that an interdict’s domicile is with his curator, theorizing that this provision inherently proclaims the interdict’s legal residence is also at that location.
The trial court entered judgment denying American’s motion for summary judgment and granting Frederick Meyer’s motion for summary judgment. This appeal, taken by American, followed. In accordance with La.Code of Civ.P. art.1915, the parties agreed the judgment on the coverage issue constituted a final judgment entitling American to an immediate appeal.[1]
J^DISCUSSION
This court reviews summary judgments de novo under the same criteria that governs the trial court’s consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B.
On the coverage issue, the facts are undisputed. We are asked to decide whether an interdict is a resident of his curator/father’s household for insured status purposes under an automobile insurance policy.
The American policy issued to Frederick and Janis Meyer defines an “insured” to include “You or any family member.” A “family member” is further defined as “a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.”
On the motion for summary judgment, American offered the deposition testimony of Jeff and Frederick Meyer in an attempt to establish that Jeff was not an actual resident of his parents’ household. The evidence reflects that Jeff, who was born on June 23, 1960, was adopted by the Meyers when he was 12 years old. In 1975, Jeff was hit by a car while riding his bicycle and sustained a closed head injury with resulting brain damage, which led to his interdiction. In the judgment of interdiction that named Frederick Meyer as Jeffs curator, Jeff was declared incapable of taking care of his person and administering his affairs.
American offered evidence showing that Jeff and his parents did not live under the same roof for some time preceding the accident. For a while, Jeff and his parents lived in separate residences on adjoining property in Hammond. In March of 1993, Frederick and Janis Meyer moved to Mississippi. Jeff stayed at his home in Hammond, but was forced to move to a condominium because he was unable to care for the home. Frederick Meyer purchased the condo for Jeff from the proceeds of the sale of Jeffs other home. Frederick Meyer |4attested that he saw Jeff about every other week when he came to Hammond. *741 Jeff, who was unable to drive a vehicle, did not visit his parents in Mississippi.
An insurance policy is a contract, and as all other contracts, it constitutes the law between the parties. If there is any ambiguity in a policy, then that ambiguity should be construed in favor of the insured and against the insurer. Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988). The term “resident” is not defined in the American policy, and it has been stated that where such is the case, the term has no absolute or precise meaning. Gedward v. Sonnier, 98-1688, p. 8 (La.3/2/99), 728 So.2d 1265, 1270. Rather, the term has many definitions inasmuch as it is flexible and somewhat obscure and ambiguous. Vinet v. Hano, 281 So.2d 183, 186 (La.App. 4th Cir.), writ denied, 283 So.2d 501 (La.1973). In accordance with the well settled principle that any ambiguity in an instrument is resolved against the draftsman, any doubt as to the extent or fact of coverage under the term “resident of the same household” will be construed in the most inclusive sense. Bond v. Commercial Union Assurance Co., 407 So.2d 401, 407-408 (La.1981).
La.Civ.Code art. 39 declares that an interdict’s domicile is with his curator. The concept of domicile is different from that of residency. While a person may have only one domicile, he may have several residences. Gedward v. Sonnier, 98-1688 at p. 8, 728 So.2d at 1270. A person’s domicile is the place where he makes his habitual residence and consists of two elements: residency and intent to remain in the place. Davis v. Glen Eagle Ship Management Corp., 97-0878, p. 1 (La.App. 4 Cir. 8/27/97), 700 So.2d 228, 230. Thus, the concept of residence is generally given a much broader meaning than the term “domicile.” Matter of Custody of Booty, 95-0828, p. 3 (La.App. 1 Cir. 11/9/95), 665 So.2d 444, 446.
By the operation of law, Jeff Meyer is a resident of Frederick Meyer’s home. See Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238, 242 (1965) (stating that an un-emancipated minor is a legal resident of his father’s home, despite the lack of his physical presence in his father’s home). There is nothing in the American policy requiring actual physical presence in the insured’s home to trigger insured status. Indeed, American observes that the jurisprudence has never required actual presence of the relative in the insured’s household in order to establish such. Instead, the emphasis is upon whether there remains membership in a group rather than an attachment to a building. Gedward v. Sonnier, 98-1688 at p. 8, 728 So.2d at 1270.
American asks this court to apply the test generally used for determining residency of an individual for insurance purposes. That test focuses on the intent of the person who is absent from the household. According to the jurisprudence, the determination of whether persons are residents of the same household at a particular time is not solely dependent on whether they are residing under one roof. Rather, the real test is whether the absence of the party of interest from the household of the named insured is intended to be permanent or only temporary, that is, whether there is physical absence coupled with an intent not to return. Bearden v. Rucker, 437 So.2d 1116, 1121 (La.1983). American contends that the facts establish Jeff Meyer was physically absent from his parents household and there was no intent for him to return to his parent’s household, and therefore, he is not covered under the policy.
We decline to apply an intent-based test in the cáse of an interdiction. An interdiction requires proof that the interdicted person is incapable of caring for his person and administering his estate. La.Civ.Code arts. 389, 422. An interdiction may only be revoked by a judicial decree. La.Civ.Code art. 420. Thus, until the interdiction is revoked, the interdict legally resides with his curator. We conclude that during the period of interdic *742 tion, the interdict lacks legal capacity to establish another domicile or permanent residence for himself. Therefore, an interdict’s absence from his curator’s home could only be considered temporary. See Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (holding that while an unemanci-pated minor was absent from his parent’s home, that absence could only be considered temporary).
Based on the foregoing, as American failed to define the term “resident” in its policy, we interpret that term in its most inclusive sense to include an individual, who, by the operation of law, is a legal resident of the insured’s household. We conclude that Jeff Meyer was a resident of Frederick Meyer’s household at the time of the accident, even though he was not physically residing at that time with Frederick Meyer.
Accordingly, we find no error in the trial court’s conclusion that the American policy affords coverage to Jeff Meyer. The judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, American Global Insurance Company. The case is remanded to the trial court to conduct proceedings not inconsistent with this opinion.
AFFIRMED AND REMANDED.

. Plaintiff settled with Mr. Gulotta and Progressive for the policy limits and dismissed these defendants from the case.