848 So.2d 577 (2003)
Brian CADWALLADER, et al.
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 2002-C-1637.
Supreme Court of Louisiana.
June 27, 2003.
*578 James L. Donovan, Jr., Metairie, Counsel for Applicant.
Brian A. Cadwallader, New Orleans, Counsel for Respondent.
KNOLL, Justice.
In this writ, the sole issue to be determined is whether foster children of the insured qualified as "relatives" under the uninsured motorist policy, which limited coverage to the insured and "resident relatives." The court of appeal reversed the trial court and held that the inclusion of the term "resident relative" was ambiguous as applied to the insured's foster children and, thus, had to be construed as including foster children. We granted Allstate's writ application to determine the correctness of that decision. Cadwallader v. Allstate, 02-1637 (La. 10/25/02), 827 So.2d 1156. For the following reasons we reverse the court of appeal, finding that the term "relative" is not an ambiguous term and where the policy definition of "relative" does not specifically include foster children, the term "relative" does not include a foster child of the insured.

FACTS AND PROCEDURAL HISTORY
*579 Plaintiffs, M.S., N.A., and O.P.,[1] foster children of Dinnah Ruffin, were involved in a motor vehicle accident while guest passengers in a vehicle owned by Marietta Beraud and driven by Natalie Beraud. Plaintiffs filed suit against Natalie Beraud and Allstate as the liability insurer of Natalie Beraud and as the uninsured/underinsured motorist (UM) insurer of Dinnah Ruffin.[2] The plaintiffs' claims against Allstate in its capacity as the liability insurer of Beraud were settled. The plaintiffs and Allstate filed cross motions for summary judgment on the issue of whether or not the foster children were covered under Ms. Ruffin's UM policy with Allstate. Coverage for the plaintiffs under the UM policy is dependent upon whether they are "resident relatives" under the policy. The district court granted Allstate's motion for summary judgment, and denied plaintiffs' motion for summary judgment. The court of appeal reversed because it found the term "resident relative" to be vague and ambiguous without an accompanying definition of the term "relative."

DISCUSSION

Policy of Insurance
We granted this writ solely to address the issue of whether the term "relative" is ambiguous and thus construed against the insurer. The policy issued by Allstate to Ms. Ruffin provides in "Part III Uninsured Motorist Coverage SS" the following pertinent provision:
We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury or property damage sustained by an insured person.... Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. * * *

INSURED PERSONS
1. You and any resident relative.
2. Any person while in, on, getting into or out of your insured auto with your permission.
3. Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission.
* * *
DEFINITIONS
* * *
4. "Resident"-means a person who physically resides in your household with the intention of continuing residence there. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household.
5. "You" or "Your"-means the policyholder named on the declarations page *580 and that policyholder's resident spouse. (Emphasis in original).
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. See La. Civ. Code art. 2045; Carbon, 719 So.2d at 439; Louisiana Ins., 630 So.2d at 763.
Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. See La. Civ Code art. 2047; Peterson v. Schimek, 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; Carbon, 719 So.2d at 440-441; Reynolds, 634 So.2d at 1183. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; Peterson, 729 So.2d at 1029. The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. Succession of Fannaly v. Lafayette Ins. Co., 01-1355, p. 4 (La.1/15/02), 805 So.2d 1134, 1138; Peterson, 729 So.2d at 1029.
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. La. Civ.Code art. 2056; Carrier, 759 So.2d at 43; Louisiana Ins., 630 So.2d at 764. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Carrier, 759 So.2d at 43. That strict construction principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Carrier, 759 So.2d at 43-44, (emphasis in original); Louisiana Ins., 630 So.2d at 770.
If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. Fannaly, 805 So.2d at 1137; Louisiana Ins., 630 So.2d at 764. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. Peterson, 729 So.2d at 1029; Louisiana Ins., 630 So.2d at 764. The determination of whether a contract is clear or ambiguous is a question of law. Louisiana Ins., 630 So.2d at 764.
The Term "Relative"
With these settled principles of construction in mind, we now turn to the policy at issue before us and whether the term "relative" was ambiguous. As a general rule, when the word "relative" is used in insurance contracts it is intended to include persons related by marriage as well as blood. Zeringue v. Zeringue, 94-1411, p. 2 (La. Ct.App. 1 Cir. 4/7/95), 654 So.2d 721, 722, writ denied, 95-1660 (La.10/6/95), 661 So.2d 471 (citing Hernandez v. Comco Ins. Co., 357 So.2d 1368, *581 1370 (La. Ct.App. 4 Cir.1978), writ denied, 359 So.2d 1305 (La.1978)). Our appellate courts have consistently held that the term "relative" includes relatives by blood or marriage. 15 William McKenzie & H. Alston Johnson, III, Louisiana Civil Law TreatiseInsurance Law and Practice § 43, p. 128 (2d ed.1996). The First Circuit found no merit to the argument that the insurance policy was ambiguous because it did not define the term "relative." Zeringue, 654 So.2d at 722. As that court correctly noted, the jurisprudence clearly indicates that the term "relative" includes persons related by blood as well as marriage. Zeringue, 654 So.2d at 723; see also Hernandez, supra; Robertson v. Aetna Casualty & Surety Ins. Co., 629 So.2d 445, 446 (La. Ct.App. 3 Cir.1993); Liprie v. Michigan Millers Mut. Ins. Co., 143 So.2d 597, 601 (La. Ct.App.3 Cir.1962).
Webster's Universal Unabridged Dictionary (1989) defines "relative" as "one who is connected with another or others by blood or marriage." In the Oxford English Dictionary (1989) and in Black's Law Dictionary, 6th ed., the word "relative" is defined as "a kinsman; a person connected with another by blood or affinity." The Third Circuit stated in Liprie, supra, that a review of the many definitions of the word "relative" contained in Words and Phrases indicates that when the word relative is used in insurance contracts and where no other specific definition is given, it is generally interpreted as including persons who are related by affinity or marriage as well as by blood or consanguinity. Liprie, 143 So.2d at 601. A review of Words and Phrases, Vol. 60, p. 221, reveals that the term "relative" indicates persons related by blood as well as marriage. In our review of Louisiana's jurisprudence, we find no case which includes a foster child within the definition of "relative."
In further study of this issue, we have looked at authorities and courts outside of Louisiana for a comparison and find these other sources are of the same view that we express in this opinion. Specifically, one authority states that in the absence of policy definitions to the contrary, the term "relative" of the insured has been held not to include a former or current foster child of the insured. 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d, § 114:19, p. 114-32 (1997). Addressing the issue of whether a foster child could be considered a "relative" of the policyholder so as to be entitled to liability coverage under the terms of the policy, the Georgia appellate court found that pursuant to the common understanding of the word "relative," the existence of the foster parent-child relationship did not operate to make them relatives within the contemplation of the policy. Ledford v. State Farm Mutual Auto. Ins. Co., 189 Ga.App. 866, 867, 377 S.E.2d 693, 695 (1989), aff'd, 259 Ga. 560, 386 S.E.2d 662 (1989). Unless expressly covered by the policy, a foster child living with the motor vehicle policyholder is not a relative of the policyholder, so as to be entitled to liability coverage under the policy. 46 C.J.S. Insurance § 1046 (1993).
The United States Ninth Circuit Court of Appeals, applying Alaska law, had to decide whether the term "relative" in an automobile insurance policy included the child of the policyholder's unmarried cohabitant. Allstate Ins. v. Shelton, 105 F.3d 514, 515 (9th Cir.1997). The insured, Mr. Shelton, bought a house with Ms. Kohlbeck and lived with her and her four children. Approximately eleven months after they moved in together, one of Ms. Kohlbeck's children was struck by a car while riding her bicycle and killed. Mr. Shelton's divorce from his wife was finalized two months after the child's death, and he and Ms. Kohlbeck married one month later. Ms. Kohlbeck-Shelton asserted a *582 claim for coverage under the UM policy provisions of an Allstate policy issued to Mr. Shelton. The policy at issue did not define "relative." The court concluded because the child was not connected with the insured by blood or affinity, she was not his "relative." Id. at 516. "Where insurance companies have not defined `relative,' courts have applied its ordinary meaning as persons connected by blood or marriage." Id. at 516-517 citing, Groves v. State Farm Life and Casualty Co., 171 Ariz. 191, 829 P.2d 1237 (Ct.App.1992) (In insurance cases, one not a relative by blood or marriage is not covered as a relative).
Interestingly, the Louisiana Fourth Circuit Court of Appeal held that a foster parent was not a "relative" within the meaning of a criminal statute providing that no relative of a sexual abuse victim may be present in the room during recording of a statement by the victim. State v. Gray, 533 So.2d 1242, 1249 (La. Ct.App. 4 Cir.1988), writ denied, 546 So.2d 1209 (La. 1989). The defendant, father of the victims, was convicted of aggravated rape of his three children. On appeal, defendant challenged the admission of the videotapes of the victims into evidence, because the foster father of two of the children appeared on one tape for the last few minutes after the children had been extensively questioned; the defendant argued this violated La.Rev.Stat. 15:440.4(A)(2).[3] That court found that a foster parent is not a "relative" within the meaning of the statute. Gray, 533 So.2d at 1249. Although this interpretation was within the context of a criminal procedure statute, we nevertheless find it relevant in determining whether a foster parent is a "relative" of the foster child in Louisiana.
Further support that a foster child is not a "relative" can be found in this Court's jurisprudence delineating the non-delegable custodial duty of the State with regard to foster children. When the State (through its Department of Social Services) is awarded legal custody of a child by the juvenile court, the law imposes upon the State the duty of care and protection of that child. Miller v. Martin, 02-0670, p. 9 (La.1/28/03) 838 So.2d 761, 767. Although the State contracts with foster parents to care for the children in the State's custody, these foster parents are fulfilling the State's responsibilities and are acting for it with regard to the care of such children. Vonner v. State through Dep't of Public Welfare, 273 So.2d 252, 256 (La.1973); Miller, 838 So.2d at 767. Foster children are not relatives of their foster parents by affinity; the State places them temporarily with foster parents.
After a thorough study of the issue before us, we find the court of appeal erred in its determination that the Allstate policy providing coverage of a "resident relative" is vague and ambiguous without an accompanying definition of the term "relative." The court noted that jurisprudence reveals that UM policies of other insurers have defined the term "resident relative" as specifically including foster children.[4] The *583 court further noted the jurisprudence shows several cases in which insurance policies define the term "family member" as specifically including foster children in that definition.[5] We find the court of appeal fell into error by comparing the present case to other cases in our jurisprudence that are significantly distinguishable in that the policies at issue in the cited cases specifically included foster children within the definition of "relative" or "family member." None of the cases cited by the appellate court involved an issue of coverage regarding a foster child.
The appellate court further erred in reaching a conclusion that because some insurance policies specifically include foster children in their policy definition of "relative" or "family member," the term "relative" is somehow rendered ambiguous in the policy at issue. In making this assumption, the appellate court ignored the fundamental precept that it was required to interpret the term using its plain, ordinary and generally prevailing meaning as set forth in the policy at hand. See La. Civ.Code art. 2047; Peterson, 729 So.2d at 1028-29; Carbon, 719 So.2d at 440-441. Moreover, in the absence of a conflict with statutes or with public policy, insurers have the same rights as do individuals to limit their liability and to enforce whatever conditions they impose upon their obligations. McKenzie, § 4, p. 7. It is the particular insurance policy of the insured that establishes the limits of liability and it is well established that this contract of insurance is the law between the parties. When we find the contract of insurance is clear and unambiguous, as we do here in this case, we must enforce the policy as written.
Notwithstanding our finding the term "relative" is not ambiguous as used in the policy of insurance at issue, we will briefly *584 comment on plaintiffs' arguments for completeness of review.
Plaintiffs urge that Allstate's policy violates the statutory scheme of UM coverage which requires an insurer to extend UM coverage to those insured under the liability policy. La.Rev.Stat. 22:1406 requires that insurance policies provide UM coverage only for persons insured under the policy. Taylor v. Rowell, 98-2865, p. 6 (La.5/18/99), 736 So.2d 812, 817. "[I]t is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy." Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 196. In the Allstate policy at issue before us, the liability policy limited coverage to the named insured and any resident relative, while using a non-owned auto. The foster children were not insured while using a non-owned auto under the liability policy; therefore Allstate did not violate La.Rev.Stat. 22:1406 by not extending UM coverage to the foster children, who were injured while riding in a non-owned auto.
Plaintiffs further urge the exclusion of foster children from the UM coverage violates La. Const. Art. I, § 3 and therefore, the insurance policy violates public policy. It is axiomatic that "[t]he equal protection clauses of the state and federal constitutions prohibit state action that unreasonably favors one individual or class over another." Guarantee Trust Life Ins. Co. v. Gavin, 882 F.2d 178, 181 (5th Cir.1989) (emphasis in original). In this matter before us, plaintiffs have not articulated any state action that violates La. Const. Art. I, § 3. Nor have plaintiffs shown that the policy conflicts with public policy or statutory provisions. Accordingly, this argument has no merit.

CONCLUSION
In conclusion, we find the term "relative" in the insurance policy is not an ambiguous term. It is a rather simple word with a well-established common sense meaning which is referenced in the insurance policy in a clearly worded context. The appellate court erred by expanding the definition of "relative" to include persons not normally considered related, as that term is commonly understood, used and defined. The insurance contract provided coverage for "resident relatives," a dual requirement of both residency and kinship. In interpreting the insurance contract, the court of appeal enlarged the insurance coverage beyond that which was reasonably contemplated by this unambiguous term. Simply stated, where the policy definition of "relative" does not include foster children, the term "relative" does not include a foster child of the insured.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed and set aside. The district court judgment in favor of Allstate and denying plaintiffs' motion for summary judgment is reinstated. This case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
WEIMER, J., concurs with additional reasons.
JOHNSON, J., dissents and assigns reasons.
WEIMER, J., concurring.
I agree with Justice Knoll's opinion and concur to make the following point.
Insurance carriers are free to expand coverage to foster children, however, such coverage is not mandated by law. Consequently, the language of the insurance policy under consideration must be evaluated. *585 In the insurance marketplace, there are carriers which provide coverage to foster children. Thus, such coverage can be procured if desired. Conversely, there are carriers which do not afford coverage to foster children. Those carriers can be avoided if coverage for foster children is desired.
Regardless of the propriety of insurance coverage being afforded to foster children, this court must apply the words of the insurance policy as written. A foster child, despite becoming a part of a foster parent's family, is not a relative of the foster parent given the common-sense, everyday use of the word "relative."
JOHNSON, dissenting.
I would affirm the decision of the Court of Appeal.
In interpreting the language of the insurance policy, LSA-C.C. art. 2046 explains that the court must enforce the contract as written if the language in the insurance contract is clear and unambiguous. However, any ambiguity in an insurance contract must be construed against the insurer and in favor of coverage. LSA-C.C. art. 2057;[1]Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991); Capital Bank & Trust Co. v. The Equitable Life Assurance Soc'y Of The United States, 542 So.2d 494 (La. 1989). In Carrier v. Reliance, 759 So.2d @ 43, this Court notes that any ambiguity in an insurance contract will be resolved by ascertaining how a reasonable policy purchaser would construe the clause at the time the parties entered into the contract. Carrier also notes that "under the strict construction rule, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer." Carrier further notes an insurance policy is ambiguous if it is susceptible of two or more reasonable interpretations. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., supra.
In the case sub judice, Allstate concedes that the foster children were in Ms. Ruffin's care and residents of her household at the time of the accident; therefore, classifying them as "residents" under the policy. However, Allstate argues that the foster children were not Ms. Ruffin's "relatives," and therefore not UM insureds under her policy. Although the majority limits the definition of "relative" to persons related by blood and affinity, our jurisprudence suggests that foster children may be included in the definition of "relative," and thus, would be entitled to coverage under the foster parent's UM policy of insurance. Alpaugh v. Continental Ins. Co., 01-0101 (La.6/29/01), 791 So.2d 71; Meyer v. Gulotta, 98-1467 (La.App. 1 Cir. 12/28/99), 747 So.2d 738; and Ledet v. Leighton, 98-952 (La.App. 3 Cir. 2/3/99), 736 So.2d 854. In Armand, supra, the court recognized that the language in a policy issued by Prudential Property and Casualty Insurance Company defined a "resident relative" as "someone who lives in your household and is related to you by blood, marriage, adoption or is a ward or foster child."
In the present case, in interpreting the plain language of this policy, Allstate failed to define the relevant term "relative" in the contract of insurance, and failed to add any limiting language; therefore, foster children are not excluded from the policy. In my mind, there are two reasonable interpretations of the term "relative," one interpretation that would include "foster children" as cited by the abovementioned *586 cases and another cited by the majority that would exclude "foster children." We must give some consideration to the insured's intent when she purchased this policy of insurance. According to Ms. Ruffin, when she contracted with Allstate she intended that the foster children, who resided with her, would have sufficient coverage. Her clear intent was to include them and not exclude them from coverage. Pursuant to LSA-C.C. art. 2057, Allstate executed the insured's insurance policy in standard form which included this ambiguity. Therefore, I would construe the ambiguity in the foster children's favor. Gordon v. Southern United Fire Insurance Company, 95-2388 (La.App. 4 Cir. 8/21/96); 679 So.2d 582 held that:
The general rule of interpretation is any ambiguity is resolved against the party that wrote the instrument. It has long been held in our law that the rules for the construction of written instruments apply to contracts of insurance. Wallace v. Insurance Co., 4 La. 289 (La. 1832); Haeuser v. Aetna Casualty. & Surety Co., 187 So. 684 (Orl.App.1939); Wheat v. White, 38 F.Supp. 796 (E.D.La., 1941); Sumrall v. Aetna Cas. & Sur. Co., 124 So.2d 168 (La.App. 2 Cir.1960); Dean v. Union Nat. Fire Ins., 301 So.2d 925 (La.App. 2 Cir.1974); Cooling v. U.S. Fidelity & Guaranty Co., 269 So.2d 294 (La.App. 3 Cir.1972) writ denied 272 So.2d 373 (1973).
For the foregoing reasons, I find no error in the court of appeal's judgment reversing the trial court's granting of Allstate's Motion for Summary Judgment.
NOTES
[1] Because the children were placed in foster care by order of a Juvenile Court, we will refer to them by their initials for confidentiality purposes.
[2] Brian Cadwallader appeared as La.Code Civ. Pro. art. 683(D) representative of M.S.; T. Darlene Bewley appeared as the art. 683(D) representative of N.A.; and Lawrence Pilcher appeared as the provisional tutrix ad litem of O.P. La.Code Civ. Pro. art. 683(D) provides, in pertinent part: "[A]n attorney appointed by the court having jurisdiction over an unemancipated minor who is in the legal custody of the Department of Social Services is the proper plaintiff to sue to enforce a right of an unemancipated minor. Upon application of the tutor or parent who would otherwise be the proper plaintiff to sue pursuant to Paragraph B or C, the court shall appoint or substitute as the proper plaintiff the best qualified among the tutor, parent, or appointed attorney."
[3] La.Rev.Stat. 15:440.4(A)(2) provides, in relevant part:

A videotape of a child fourteen years of age or under may be offered in evidence either for or against a defendant charged with the rape or physical or sexual abuse of a child. To render such a videotape competent evidence, it must be satisfactorily proved: ... [t]hat no relative of the victim of the physical or sexual abuse was present in the room where the recording was made.
[4] The court cited the following cases: Delahoussaye v. Madere, 98-1033, p. 8 (La. Ct.App. 5 Cir. 4/14/99), 733 So.2d 679, 684, (The Prudential policy language defined resident relative as "someone who lives in the same household as the insured and is related to the insured by blood, marriage, adoption or is a ward or foster child." The issue concerned ambiguity in the policy language concerning non-owned cars.); Armand v. Rhodes, 96-15, p. 10 (La. Ct.App. 3 Cir. 12/11/96), 685 So.2d 546, 551-552, (Again a Prudential policy includes foster child within its definition of "resident relative." The issue concerned whether a passenger was an insured where the driver's policy defined "insured" in a nonowned car as named insured and resident relative.); Elliott v. Elliott, 95-1191, p. 3 (La. Ct.App. 1 Cir. 2/23/96), 672 So.2d 938, 940, (Another Prudential policy which includes foster children with the definition of "resident relative." The issue was the wife's UM policy exclusion for noninsured cars owned by resident relatives, so as to preclude coverage for injuries in an accident which occurred while wife was a guest passenger in a truck recognized as her husband's separate and paraphernal property.); Ledet v. Leighton, 98-952, p. 4 (La. Ct.App. 3 Cir. 2/3/99), 736 So.2d 854, 856, (The CNA Insurance Company policy declared that "relative" includes a ward or foster child. The issue was whether the named insured's former wife was covered under the liability policy.).
[5] The court cited the following cases: Meyer v. Gulotta, 98-1467, p. 3 (La. Ct.App. 1 Cir. 12/28/99), 747 So.2d 738, 740, (The American Central Ins. Co. policy defined "insured" to include a ward or foster child. The issue was whether an interdict was a resident of his curator/father's household for insured status purposes under the automobile UM policy.); Lavergne v. Thomas, 99-1186, p. 3 (La. Ct. App. 3 Cir. 12/8/99), 758 So.2d 197, 198, (A Texas policy issued by County Mutual Ins. Co. included foster child in the definition of "family member." The issue in that case was whether the driver had consent, either direct or implied, to use his sister's car.); Davis v. Brock, 602 So.2d 104, 106 (La. Ct.App. 4 Cir.1992), (Home Indemnity Co. insurance policy included foster child within the definition of "family member." The issue before the court concerned whether the employee was covered for UM purposes under the insurance policy issued to his employer.); Saffel v. U.S. Indemnity Assurance Group, Inc., 609 So.2d 278, 281 (La. Ct.App. 3 Cir.1992), (U.S. Indemnity policy defined "family member" to include a foster child. Of the four issues in that case, none concerned coverage of a foster child.).
[1] LSA-C.C. art. 2057 provides in pertinent part that "in case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor...."