JAMES C. GULOTTA, Judge, Pro Tempore.
12This is an appeal from a summary judgment rendered in favor of St. Paul Fire and Marine Insurance Company (St. *1176 Paul) on the issue of insurance coverage. We affirm.
Multiple plaintiffs[1] filed suit against Jefferson Parish School Board (JPSB) alleging that while employed by JPSB and working on or in the John Martyn High School offices, they suffered injury and illness as a result of exposure to “unknown toxic substances and safety hazards” and “toxic mold.”
The basis of plaintiffs’ claim is that JPSB failed to effect repairs, failed to exercise reasonable care in their management of John Martyn High School, and failed to take immediate steps to mitigate or repair the defects. Plaintiffs further allege that JPSB was grossly negligent and acted with deliberate indifference and disregard of their welfare. In an amended petition plaintiffs allege that they were injured due to the “battery by defendants of repeatedly exposing the plaintiffs to the toxic substances.”
IsJPSB’s insurer, St. Paul, filed a motion for summary judgment on the issue of coverage arguing that the applicable Commercial General Liability Protection policy issued to JPSB by St. Paul (“the policy”) contains three separate exclusions which bar coverage. Of the three separate exclusions, this appeal is concerned only with the “Employers Liability Exclusion” and the “Expected or Intended Injury Exclusion.”
The exclusions at issue in the instant case are as follows:
Exclusions — What this Agreement Won’t Cover
[[Image here]]
Employers liability. We won’t cover bodily injury to an employee of the protected person arising out of and in the course of his or her:
• Employment by the protected person; or
• Performance of duties related to the conduct of the protected person’s business.
Nor will we cover bodily injury to the spouse or any child, parent, brother, or sister of that employee if such bodily injury results from the bodily injury to the employee.
We’ll apply this exclusion whether the protected person may be held liable as an employer or in any other capacity, such as a property owner or product manufacturer.
We’ll also apply this exclusion to any obligation of the protected person to share damages with or repay someone else who must pay damages because of bodily injury to any employee of the protected person.
* * *
Expected or Intended bodily injury or property damage. We won’t cover bodily injury or property damage that’s expected or intended by the protected person. Nor will we cover medical expenses that result from such bodily injury.
But we won’t apply this exclusion to bodily injury, property damage, or medical expenses that result from the use of reasonable force to protect people or property.
* * *
In a judgment dated September 7, 2004 the trial judge granted St. Paul’s motion, and dismissed plaintiffs’ suit against it. The judgment was designated as a |4final judgment by the trial judge, after an expressed determination that there was no just reason for delay.
*1177 On November 9, 2004, the trial judge granted plaintiffs’ and JPSB’s motions for a new trial and amended the September judgment to set it aside only in so far as Terry Hemstad’s negligent tort claim is concerned. The September judgment dismissing the remaining plaintiffs’ suits remained in full force and effect. Plaintiffs appeal.
Hemstad was employed by the sheriffs office and consequently was not an employee of JPSB and therefore the Employers Liability Exclusion did not apply to him. The effect of the judgment is that the plaintiffs’ suits, i.e., those plaintiffs that are employees of JPSB, were dismissed against JPSB’s insurer, St. Paul; however, the negligent tort suit by Hem-stad, the employee of the sheriffs office, remains viable as against JPSB’s insurer, St. Paul.
The basis of the trial judge’s ruling was that, “coverage for the Board’s alleged negligent acts was excluded for employees under the ‘Employer’s Liability Exclusion’ ” and “to the extent that Plaintiffs alleged an intentional tort, coverage was excluded under the policy’s ‘Expected or Intended Injury Exclusion.’ ” Further, the trial judge found that “[ajfter reviewing the relevant affidavit, pleadings, and applicable law” the motions for a new trial had merit as to the claim that “plaintiff, Terry Hemstad, was not an employee of the Board.”
Plaintiffs’ sole assignment of error is that the trial judge erred when he found that the policy’s Employers Liability Exclusion and the Expected or Intended Injury Exclusion barred coverage.
Plaintiffs’ argument, as we understand it, is that the term “protected person” in the policy is ambiguous and that therefore the policy should be construed in favor of coverage in this case. We disagree.
| ¡¿The policy provides:

What This Agreement Covers

Bodily injury and property damage liability.
We’ll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
• happens while this agreement is in effect; and
• is caused by an event.
A “protected person” is defined in the policy as:
Protected person means any person or organization who qualifies as a protected person under the Who Is Protected Under This Agreement section.
The policy farther provides:

Who is Protected Under This Agreement

[[Image here]]
Corporation or other organization. If you are shown in the Introduction as a named insured[2] and a corporation or an other organization, you are a protected person ...
* * *
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code. Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22. However, an insurance policy should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms. Cadwallader v. Allstate Ins. Co., 02-1637 (La.6/27/03), 848 So.2d 577. The rules of *1178 construction do not authorize the exercise of inventive powers to create an ambiguity where none exists. Id. When | fithe words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written. Clulee v. Bayou Fleet, Inc., 04-106 (La.App. 5 Cir. 5/26/04), 875 So.2d 878. It is well-settled that unless a statute or public policy dictates otherwise, insurers have the right to limit liability and enforce conditions or limitations upon their insureds. Vintage, supra.
We conclude that the words of the policy clearly and explicitly provide that the insured, JPSB, is a “protected person” and that said provisions lead to no absurd consequences in this ease.
Plaintiffs also claim that the Employers Liability Exclusion does not bar coverage because their claims are against the “administrators” of the school board as well as the employer, the school board. In support of this contention, plaintiffs rely on JPSB’s assertion in its answer that the school board “through its administrators” operated John Martyn School. We find no merit to this contention. As pointed out by St. Paul, the administrators were not sued and are not named defendants.
Finally, plaintiffs argue that the Expected or Intended Injury Exclusion does not bar coverage because their claims do not rise to the level of intentional acts. Because we have concluded that plaintiffs’ negligence claims, excepting Hemstad’s negligent tort claim, are excluded by the Employers Liability Exclusion, it is not necessary to address this issue.
Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

. We note that St. Paul filed an "Exception of Improper Cumulation of Actions, Including Improper Joinder of Parties, and/or Exception of Prescription" pertaining to the addition of Shannon Manthey as a plaintiff. That issue is rendered moot by this opinion.

. Jefferson Parish School Board is shown in the Introduction as the named insured.