*261
 
 JAMES F. McKAY III, Judge.
 

 | liberty Mutual Fire Insurance Company (“Liberty Mutual”), appeals the judgment of the trial court granting the United States Automobile Associates’ (“USAA”) motion for summary judgment finding that the policy held by the insured, Christopher Gagnon, contained an applicable exclusion and as such coverage was denied. After conducting a
 
 de novo
 
 review of the record, we find no error in the district court’s granting USAA’s motion for summary judgment and affirm its judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 On September 13, 2004, Christopher Gagnon was traveling westbound on a two-lane highway, La. Hwy. 624. As he approached the bridge at Bayou Laloutre, in an attempt to avoid hitting a parked abandoned vehicle without warning signals, he entered the east bound lane hitting a vehicle driven by Glenn Schurr as it was coming off of the bridge.
 
 [1]
 
 Christopher Gag-non testified that the brakes on the truck he was driving failed. He testified that he swerved and hit the rear tire of the |2abandoned vehicle and the front driver’s side tire of the Schurr vehicle. As a result of this accident, Glenn Schurr sustained injuries. His spouse Lori is seeking damages for loss of consortium. USAA is Christopher Gagnon’s personal automobile liability insurer. The named insured are Christopher and Shannon Gagnon. The two vehicles listed on the subject policy are a 2002 Chevrolet Suburban and a 2001 Chevrolet Silverado pickup. In the present case the above policy has an exclusion clause B(l)(a), which states that:
 

 B. We do not provide Liability Coverage for the ownership, maintenance, or use of:
 

 1. Any vehicle that is not your covered auto unless that vehicle is:
 

 a. A four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds;
 

 * * *
 

 3. Any vehicle, other than your covered auto, that is owned by, or furnished or available for the regular use of, any family member. This exclusion (B.3) does not apply to your maintenance or use of such vehicle.
 

 The 1985 Ford F-8000 boom truck had a rated load capacity in excess of 2000 pounds. The vehicle was owned by Milton Gagnon.
 
 [2]
 

 On April 27, 2007, the district court denied USAA’s first motion for summary judgment finding that the USAA policy was ambiguous.
 

 On October 15, 2008 USAA re-urged their motion for summary judgment. The district court found that based upon “the new documentation that have been filed in the evidence and argument, the Motion for Summary Judgment is granted ...” On December 3, 2008, the district court signed the judgment granting |3USAA’s motion for summary judgment and finding that there was no coverage under the policy for Christopher Gagnon’s operation of the 1985 Ford F-8000 truck that was involved in the subject auto accident. Subject to this judgment, Liberty Mutual filed a motion for a new trial which was denied by
 
 *262
 
 the district court. This present appeal followed.
 

 DISCUSSION
 

 The sole issue for this Court to review is whether the district court erred in granting USAA’s motion for summary judgment based upon an exclusion clause in the personal auto liability policy held by Christopher and Lori Gagnon.
 

 An insurance policy is a contract between the parties and should be construed by using the general rules of contract interpretation set forth in the Louisiana Civil Code.
 
 Cadwallader v. Allstate Insurance Co.,
 
 02-1637 (La.6/27/03), 848 So.2d 577. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. Civ. C. art. 2047;
 
 Cadwallader,
 
 supra. Ambiguous policy provisions are generally construed against the insurer and in favor of coverage.
 
 Carrier v. Reliance Insurance Co.,
 
 99-2573 (La.4/11/00), 759 So.2d 37. Equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer.
 
 Carrier, Id.
 
 The insurer has the burden of proving that a loss comes within a policy exclusion.
 
 Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London,
 
 616 So.2d 1250 (La.1993). The determination of whether a contract provision is clear or ambiguous is a question of law.
 
 Cadwallader,
 
 supra.
 

 In the present case, the appellee, USAA, argues that the 1985 Ford F-8000 is excluded by the policy because: (1) The 1985 Ford F-8000 has a rated load capacity in excess of 2000 pounds, and (2) the truck in question is owned by Milton Gagnon, Christopher Gagnon’s father.
 

 Exclusion B(l)(a), as noted above, excludes coverage for any vehicle that is not a covered auto unless that vehicle has a rated load capacity of no more than 2000 pounds (one ton). A covered vehicle is defined by the policy as: (1) an auto specified in the declarations, (2) a newly acquired auto, (3) a trailer, (4) a temporary substitute vehicle, or (5) a rented auto, pickup or van.
 

 Christopher Gagnon, admitted that his father owned the vehicle and that he was helping his father to evacuate the vehicle from Shell Beach prior to the ensuing landfall of Hurricane Ivan. He testified that he was not using the vehicle as a replacement or substitute vehicle. The deposition testimony of mechanical engineer, David Boone, provide that the rated load capacity of a 1985 Ford F-8000 grossly exceeded the 2000 pound rated load capacity allowed specifically set forth in the exclusions of Christopher Gagnon’s USAA policy. This undisputed evidence supports the district court conclusion that the 1985 Ford-F 8000 vehicle was not a covered vehicle under the USAA policy. Summary judgment was appropriate.
 

 AFFIRMED.
 

 [1]
 

 . The abandoned vehicle was owned by Gary J. Perez and insured by Direct General Insurance Company of Louisiana. Liberty Mutual is the Schurr’s uninsured motorist insurer.
 

 [2]
 

 . The truck was owned by a defunct company, Bayou Land and Marine Contractors Inc.; the owners of the company are Milton Gag-non, father of Christopher Gagnon and Michael Thompson.