STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0334

CHARLES CHAMPAGNE, JR. AND KERRIE CHAMPAGNE

VERSUS

USAA CASUALTY INSURANCE COMPANY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, XYZ INSURANCE COMPANY,
CAJUNLAND PIZZA, LLC D/B/A MARCO'S PIZZA, MARCO'S PIZZA, LLC
AND KATHARINA M. WORRINGER

Judgment Rendered: __NOV 1 5 2019__

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 14328, DIVISION "G"

HONORABLE SCOTT C. GARDNER, JUDGE

* * * * * * *

| | |
|---|---|
| Wade A. Langlois, III<br>William D. Dunn, Jr.<br>Gretna, Louisiana | Attorneys for Defendant/Appellant<br>SELA Pizza #2, LLC d/b/a Marco's Pizza |
| Laurent J. Demosthenidy<br>William H. Dunckleman, Jr.<br>New Orleans, Louisiana | Attorneys for Defendant/Appellee<br>USAA Casualty Insurance Company |

Chutz, J. Concurs

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

In this case, SELA Pizza #2, LLC d/b/a Marco's Pizza (SELA), appeals a trial court judgment granting summary judgment in favor of a co-defendant, USAA Casualty Insurance Company (USAA), denying SELA's motion for summary judgment, and dismissing SELA's cross-claim against USAA with prejudice. SELA also appeals a judgment certifying the first judgment as final. After review, we affirm the trial court judgments.

## FACTS AND PROCEDURAL HISTORY

On November 6, 2013, Katharina Worringer, a pizza delivery driver employed by SELA, was driving through the intersection of Highway 190 and Maris Stella Avenue in St. Tammany Parish when she rear-ended a vehicle driven by Charles J. Champagne. Kerri S. Champagne was a passenger in her husband's vehicle at the time.[1] Ms. Worringer was driving a 2010 Ford Focus owned by her father, Robert Worringer. The vehicle was a covered vehicle under an automobile policy issued by USAA to Mr. Worringer, with limits of $30,000.00 per person and $60,000.00 per accident.

Before the Champagnes (hereafter the plaintiffs) filed suit, USAA attempted to negotiate a settlement for the full $30,000.00 per person and $60,000.00 per accident limits of Ms. Worringer's policy. The plaintiffs were initially reluctant to enter into a complete compromise of their claims against USAA due to the severity of their injuries and because they were investigating other possible sources of recovery, specifically against Ms. Worringer's employer, SELA. USAA tendered checks for its policy limits to the plaintiffs in May of 2014, and later reissued the checks several times when they were not cashed and became stale.

On September 26, 2014, the plaintiffs filed suit, naming as defendants

---

[1] Ms. Champagne's name was erroneously spelled "Kerrie" in the original petition and was later corrected in an amended petition.

USAA, Ms. Worringer, State Farm Mutual Automobile Insurance Company, SELA, and American Safety Indemnity Company (ASIC), an excess non-owned auto liability insurer for SELA.[2]

Plaintiffs eventually confirmed in writing a settlement agreement wherein they released Ms. Worringer from any liability in excess of the USAA policy limits, in exchange for the payment of those policy limits by USAA. By letter dated December 5, 2014, counsel for the plaintiffs wrote to counsel for USAA:

> This is to confirm that we reached a settlement in this matter. The terms are as follows:
>
> (1) USAA will tender its limits and reissue the settlement checks;
>
> (2) Plaintiffs will not attempt to collect any judgment against Ms. Worringer over and above the policy limits once a judgment is taken; and
>
> (3) Plaintiffs will pursue any and all efforts to collect a judgment over the policy limits against Ms. Worringer's employer or their insurance provider.
>
> We will not deposit the settlement checks until either a final judgment is taken or the case settles in full. You agree to reissue the checks if stale at the time necessary for deposit.

In accord with the settlement agreement, USAA subsequently reissued the settlement checks, again tendering the full policy limits to plaintiffs' counsel.

SELA filed a motion for summary judgment on its cross claim for defense and indemnity against USAA on January 27, 2016. USAA opposed SELA's motion. USAA filed a cross motion for summary judgment on February 16, 2016, seeking dismissal of SELA's cross claim against USAA, asserting that USAA had no obligation to defend SELA as it had settled the plaintiff's claims and paid its policy limits. SELA opposed USAA's motion.

After a hearing, the trial court denied SELA's motion for summary judgment

---

[2] SELA Pizza #2, LLC d/b/a Marco's Pizza was substituted for Cajunland Pizza, LLC d/b/a Marco's Pizza by amended petition. The claims against Cajunland Pizza, LLC d/b/a Marco's Pizza and Marco's Pizza, LLC, were dismissed on February 16, 2016. State Farm Mutual Automobile Insurance Company was dismissed from the suit on April 16, 2015.

3

and granted USAA's motion for summary judgment. SELA's cross claim against USAA seeking defense and indemnity was dismissed with prejudice. The judgment was signed on April 1, 2016. SELA sought supervisory review of the trial court's judgment denying its motion for summary judgment, and appealed the judgment granting USAA's motion for summary judgment. The writ was referred to the merits panel. This court determined that the judgment denying SELA's motion for summary judgment and granting USAA's motion for summary judgment on the issues of defense and indemnity, but not addressing the remaining issues in the litigation against the parties, was not a final judgment. The appeal was dismissed and the writ was denied. **Champagne v. USAA Casualty Insurance Company**, 2016-1079 (La. App. 1 Cir. 4/9/18), 2018 WL 1723044 (unpublished). Thereafter, SELA filed a motion in the trial court to designate the judgment as final. The motion was granted and the judgment was designated as a final judgment by the trial court, by judgment dated August 28, 2018. SELA appealed both judgments.[3]

## THE APPEAL

On appeal, SELA makes four assignments of error: 1) SELA as an insured is entitled to a defense under the USAA primary policy; 2) USAA is not relieved of a duty to defend SELA by a potential future settlement; 3) USAA's duty to defend SELA is primary to any duty of ASIC as an excess insurer; and, 4) issues of bad faith preclude summary judgment dismissing SELA's claims pursuant to LA. R.S. 22:1892 and 1973.

## ANALYSIS

Summary judgments are reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether

---

[3] USAA filed a motion to dismiss the appeal as untimely, which was denied. **Champagne v. USAA Casualty Insurance Company**, 2019-0334 (La. App. 1 Cir. 4/29/19) (unpublished).

4

summary judgment is appropriate. **Smith v. Our Lady of the Lake Hospital, Inc.,** 93-2512 (La. 7/5/94), 639 So.2d 730, 750.

The policy issued by USAA, which covers Ms. Worringer, provides:

**PART A – LIABILITY COVERAGE**

. . . . .

**INSURING AGREEMENT**

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

**LIMIT OF LIABILITY**

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for **BI** liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

Words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. See La. C.C. art. 2047; **Cadwallader v. Allstate Ins. Co.,** 2002-1637 (La. 6/27/03), 848 So.2d 577, 580. The rules of construction

5

do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. **Id.**

In assignment of error numbers one and three, SELA argues that the USAA policy is a true primary policy under which SELA is an insured. Thus, it asserts, ASIC's excess policy was not applicable until USAA's primary auto liability policy limits were exhausted in payment of a settlement or a tender into the registry of the court. In assignment of error number two, SELA argues that unaccepted offers do not relieve USAA of its duty to defend. It argues that no settlement existed, no payments had been accepted by plaintiffs, and no tender of policy limits into the registry of the court had been made by USAA.

The policy provides that USAA's duty to settle or defend ends when their limits of liability for those coverages is paid or tendered. An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. **Pareti v. Sentry Indem. Co.,** 536 So.2d 417, 420 (La. 1988). An insurer is entitled to limit its duty to defend, and to terminate that duty once the policy limits are exhausted. **Pareti,** 536 So.2d at 422-423.

SELA maintains that the policy is ambiguous because it does not define "paid or tendered." Further, it asserts that the policy limits had to be put into the registry of the court. After *de novo* review, we find that SELA relies on a strained interpretation of the USAA policy to argue that USAA, having paid the full policy limits in connection with a settlement entered into 2014, was obligated to bear the cost of defending SELA over several more years of litigation as long as SELA and its insurers desired to defend the case. This argument is made despite USAA having no ability to settle those claims, as USAA had issued checks for its policy limits and had no control over SELA's commercial policy with limits in excess of

6

$1,000,000.00. We find no genuine issue of material fact that USAA met its policy language requirements and that its policy limit payments were "paid or tendered" when its checks for its policy limits were given to the plaintiffs. These assignments of error have no merit.

In assignment of error number four, SELA argues that issues of fact preclude summary judgment in favor of USAA dismissing SELA's bad faith claims pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

In support of its motion for summary judgment, USAA submitted medical documentation to show that it investigated the plaintiffs' claims in good faith. Further, USAA paid or tendered the policy limits prior to suit being filed, and its duty to defend any insured under the policy terminated upon payment or tender of the policy limits pursuant to its policy terms. Thus, we find no genuine issue of material fact regarding a bad faith claim which would preclude summary judgment in favor of USAA. This assignment of error has no merit.

## DECREE

For the foregoing reasons, the trial court judgments are affirmed. Costs of this appeal are assessed against SELA.

**AFFIRMED.**

7