# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-30300

Louisiana Bone & Joint Clinic, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Transportation Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-317

Before King, Graves, and Ho, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Plaintiff-Appellant Louisiana Bone & Joint Clinic, L.L.C. (LBJC) owns and operates a medical and surgical clinic for pain management in Lafayette. LBJC sued its insurer to recover economic losses stemming from the close of its business during the COVID-19 pandemic. The district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30300

dismissed LBJC's claims because its losses did not qualify as a "direct physical loss of or damage to property." We AFFIRM.

## I.

LBJC purchased a commercial property insurance policy from Defendant-Appellee Transportation Insurance Company. The policy insured LBJC's premises at 1103 Kaliste Saloon Road in Lafayette, Louisiana. The policy was in effect from November 15, 2019 through November 15, 2020.

The policy contains the "Business Income and Extra Expense" form (BI/EE). Relevant here, that form states Transportation

> will pay for the actual loss of Business Income [LBJC] sustain[s] due to the necessary "suspension" of [LBJC's] "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

"Period of restoration" means the period of time beginning with the date of the loss or damage and ending when the property at the described premises is repaired, rebuilt, or replaced, or when business resumes at a new location. "Covered Cause of Loss" means "risks of direct physical loss" unless it is excluded by the policy. One excluded Cause of Loss is "consequential losses" which means "delay, loss of use or loss of market."

The policy provides additional coverage in the Civil Authority form. That form states

> When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that

2

No. 21-30300

insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises. The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, caused by or resulting from a Covered Cause of Loss.

In March 2020, the COVID-19 pandemic caused state and local authorities to issue orders to address the ongoing threat from the virus. In Louisiana, the Governor issued a state-wide order requiring nonessential businesses to close to the public and suspending nonessential medical procedures. In response to the Governor's order, LBJC closed its clinic and suffered a loss of business income.

LBJC submitted a claim to Transportation for BI/EE coverage. Transportation denied the claim. LBJC then sued Transportation in Louisiana state court for breach of contract and a declaratory judgment stating LBJC is entitled to coverage under the policy for the direct physical loss of or damage to property.

Transportation removed the case to federal court in the Western District of Louisiana and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court determined there was no coverage and granted Transportation's motion. The district court concluded the policy language unambiguously requires some kind of "distinct, demonstrable, physical alteration of property." And because the COVID-19 pandemic and the Governor's orders did not cause physical loss (or damage), there was no BI/EE coverage. The district court also determined the Civil Authority coverage did not apply because the Governor's orders did not

3

prohibit access to LBJC and were not issued "due to" physical loss or damage. LBJC appeals.

## II.

We review a dismissal for failure to state a claim de novo. *Singleton v. Elephant Ins. Co.*, 953 F.3d 334, 337 (5th Cir. 2020). "Similarly, the interpretation of an insurance policy is a question of law that we review de novo." *Id.* (citing *Lubbock Cnty. Hosp. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 143 F.3d 239, 241–42 (5th Cir. 1998)). Under Louisiana law, an insurance policy is a contract that must be construed using the general rules of contract interpretation set forth in the Civil Code." *Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 787 F.3d 276, 281 (5th Cir. 2015) (footnote omitted). If an insurance contract precludes recovery under our de novo review of its terms, dismissal is proper. *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020).

In *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*, we interpreted an identical policy with BI/EE coverage. We held that, under Louisiana law, a "direct physical loss of or damage to property" means a tangible alteration to, injury to, or deprivation of property. *See* No. 21-30278, slip op. at 11 (5th Cir. Mar. 22, 2022). We further concluded that business closures and suspensions during the COVID-19 pandemic do not trigger coverage under this meaning. *Id.* Pursuant to our reasoning in *Q Clothier*, LBJC's losses in this case do not trigger coverage under the BI/EE provision.

LBJC attempts to insert ambiguity into the coverage-triggering phrase by arguing it can reasonably be interpreted to cover "loss of use of property" or "loss of use of property for intended purposes." A contract is ambiguous if after applying the rules of contract interpretation, it is susceptible to more than one reasonable interpretation. *See Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Once an ambiguity is identified, the rule of strict

construction requires the court to adopt the interpretation in favor of the insured. *See* La. Civ. Code art. 2056; *see also Cadwallader*, 848 So. 2d at 580. The determination of whether a contract is ambiguous is a question of law. *See Cadwallader*, 848 So. 2d at 580.

The BI/EE provision is unambiguous as we discussed in *Q Clothier*.[1] And here, we conclude LBJC's proffered interpretation is unreasonable. Physical loss of or damage to property cannot reasonably be interpreted to include loss of use, because it would render the adjective "physical" meaningless. Because physical means "tangible," the loss contemplated in the BI/EE provision is a *tangible* loss of or damage to property at the clinic. But the Governor's orders did nothing tangible to LBJC's property at the clinic. Nor did the orders do anything tangible to the clinic itself. The insured property has remained unchanged by the Governor's orders.

Interpreting the phrase to include "loss of use" is also at odds with the BI/EE's coverage during a "period of restoration." The BI/EE provision contemplates the loss or damage suffered to require a period of time for "rebuilding, repair, or replacement." Because a "loss of use" in this case does not require rebuilding, repair, or replacement, interpreting the BI/EE provision to cover such a loss gives the period of restoration no meaning.

And finally, we note that the policy explicitly uses the phrase "loss of use" elsewhere, suggesting a difference in the meanings of "loss of property" and "loss of use." Although "loss" is not defined in the policy, the policy uses the phrase "loss of use" in its exclusion for consequential

---

[1] We accordingly deny LBJC's motion to certify the question to the Louisiana Supreme Court, its motion to stay this case pending an appeal in the Louisiana Fourth Circuit Court of Appeals in *Cajun Conti LLC v. Certain Underwriters at Lloyd's London*, No. 2021-CA-0343, and its motion to permit supplemental briefing once the Fourth Circuit renders a decision.

No. 21-30300

losses. In context, the exclusion states a loss of use may cause loss or damage (although it would not be covered). So we recognize that a "loss" *can* include loss of "use." But when reading the BI/EE provision, "loss" is combined with the adjective "physical." The loss contemplated in the provision therefore must be physical (or tangible) whereas a loss of use would not necessarily be characterized in the same way.

Because "a direct physical loss of or damage to property" cannot be reasonably interpreted to include the "loss of use" of property, we conclude again, that the language in the BI/EE provision is unambiguous. And pursuant to that unambiguous language, the policy does not cover LBJC's losses from the closure of its clinic during the pandemic.

We also conclude LBJC's losses are not covered by the Civil Authority provision. This provision is similar to the Civil Authority Extension we interpreted in *Q Clothier*, which we interpreted as requiring a nexus between the civil authority order and property damage or losses near the insured premises. *See Q Clothier*, slip op. at 12; *see also Dickie Brennan & Co. v. Lexington Ins. Co.*, 636 F.3d 683, 686 (5th Cir. 2011). Because there is no meaningful distinction between the two provisions, and we have concluded the Governor's orders were issued to mitigate the spread and impact of COVID-19 and not "due to" property damage or loss near the clinic, *Q Clothier* governs the outcome here. *See Q Clothier*, slip op. at 12; *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 458–59 (5th Cir. 2022). The Governor's orders issued to contain and prevent the spread of COVID-19 do not trigger Civil Authority coverage in this policy.

## III.

LBJC has not alleged a covered loss. The BI/EE provision requires "a direct physical loss of or damage to property" which means a tangible alteration to, injury to, or deprivation of insured property. LBJC's alleged

6

No. 21-30300

losses from the close of its clinic during the COVID-19 pandemic therefore do not fall within BI/EE coverage. Its losses do not trigger Civil Authority coverage either because the Governor's orders were not issued "due to" a physical loss of property near LBJC's clinic. We accordingly AFFIRM the district court's order granting Transportation's motion to dismiss.