WILLIAMS, J.
liThe plaintiff, Ashley Pritchard, appeals a judgment in favor of the defendant, Scottsdale Insurance Company (“Scottsdale”). The district court granted Scottsdale’s motion for summary judgment, concluding that the insurance policy excluded coverage for plaintiffs injuries. For the following reasons, we affirm.
FACTS
In the early morning of December 28, 2003, Ashley Pritchard (“Pritchard”) and her husband, Jason Pritchard (“Jason”), drove from Shreveport to the Whitetail Hunting Club camp in Bienville Parish. At the camp, they joined hunting club members Shaun Pendleton, Danny Gil-crease, Ricky Pendleton and Matt Lang to hunt deer with dogs. Pritchard was a passenger in a Ford pickup truck driven by Shaun Pendleton (“Pendleton”). During the afternoon, Pendleton stopped his truck in a clearing and he and Pritchard exited the vehicle. While Pendleton was talking with Jason, who was parked nearby, Pritchard walked around to the front of Pendleton’s truck to urinate. As Pritch-ard was squatting in front of the truck, Pendleton heard a call on his CB radio to drive to another area where some of the dogs had been seen. Pendleton hurriedly entered his vehicle, started the engine and drove forward, hitting and running over Pritchard with the truck’s front and rear passenger tires. As a result of the impact, Pritchard sustained serious physical injuries, including a broken pelvis, partially *504 collapsed lungs, contusions of the head and jaw, loss of teeth and facial scarring.
The plaintiff, Pritchard, filed a petition for damages against the | adefendants, Shaun Pendleton, his insurer Shelter Insurance Company, Whitetail Hunting Club (“the Club”), Scottsdale, Danny Gilerease, Ricky Pendleton and Matt Lang. Scottsdale provided insurance coverage for the Club and its members under a commercial general liability policy issued to All States Hunting Clubs Association. The policy contained an auto exclusion clause precluding coverage for bodily injury “arising out of the ownership, maintenance, use ... of any ... ‘auto’ ... owned or operated” by an insured. The term “auto” was defined as “a land motor vehicle, trailer or semitrailer designed for travel on public roads.”
Subsequently, Scottsdale filed a motion for summary judgment on the grounds that the policy’s auto exclusion precluded insurance coverage for Pritchard’s injuries. Pritchard filed an opposition and her own motion for summary judgment, asserting that Scottsdale was liable for her injuries because the policy contained an ambiguity in the language of the auto exclusion when read together with the definition of “mobile equipment.” The policy defined mobile equipment to include vehicles “designed for use principally off public roads.”
After a hearing in November 2006, the district court rendered judgment granting Scottsdale’s motion for summary judgment, concluding that Pritchard was not entitled to insurance coverage because the truck qualified as an “auto” under the policy language. In addition, the court denied Pritchard’s motion for summary judgment as procedurally improper. Pritchard appeals the judgment.
| .DISCUSSION
In two assignments of error, the plaintiff contends the district court erred in granting Scottsdale’s motion for summary judgment. Plaintiff argues that the insurance policy provides coverage for her injuries because the tortfeasor’s truck could be considered mobile equipment under the ambiguous language of the exclusion clause.
An insurance policy is a contract between the parties and should be construed by using the general rules of contract interpretation set forth in the Louisiana Civil Code. Cadwallader v. Allstate Insurance Co., 02-1637 (La.6/27/03), 848 So.2d 577. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. LSA-C.C. art. 2047; Cadwallader, supra.
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. Carrier v. Reliance Insurance Co., 99-2573 (La.4/11/00), 759 So.2d 37. Equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Carrier, supra. The insurer has the burden of proving that a loss comes within a policy exclusion. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London, 616 So.2d 1250 (La.1993). The determination of whether a contract provision is clear or ambiguous is a question of law. Cadwallader, supra.
Appellate courts conduct a de novo review of summary judgment under the same criteria that govern the trial court’s consideration of whether |4summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show *505 that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Welch v. Technotrim, Inc., 34,355 (La.App. 2d Cir.1/24/01), 778 So.2d 728, writ denied, 01-0512 (La.6/15/01), 793 So.2d 1232.
The burden of proof remains with the mover. LSA-C.C.P. art. 966(C)(2). However, when the moving party will not bear the burden of proof at trial on the matter before the court on summary judgment and points out an absence of factual support for one or more elements essential to the adverse party’s claim, the non-moving party must produce factual support sufficient to show that he will be able to satisfy his evidentiary burden at trial. Otherwise, there is no genuine issue of material fact for trial, and summary judgment is appropriate. LSA-C.C.P. arts. 966 and 967; Welch, supra.
In the present case, the Scottsdale policy provides in pertinent part:
2. Exclusions
This insurance does not apply to:
[[Image here]]
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft owned or operated by ... any insured.
[[Image here]]
IsSECTION V-DEFINITIONS
[[Image here]]
“Auto” means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But “auto” does not include “mobile equipment.”
[[Image here]]
“Mobile equipment” means any of the following types of land vehicles, including any attached machinery or equipment:
a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;
b. Vehicles maintaiiied for use solely on or next to premises you own or rent;
In his deposition, Pendleton stated that at the time of the accident he was driving a 1981 Ford F-150 four-wheel drive pickup truck, which remained at the camp during the hunting season. Pendleton said that he only used that truck for hunting and that even though the inspection sticker had expired in 2002, the truck was insured. Pendleton stated that he transported the 1981 truck on a trailer to and from the hunting camp.
In their appellate briefs, the plaintiff, the Club and its members contend the 1981 Ford truck met the policy’s definition of mobile equipment. They argue that because the four-wheel drive vehicle was capable of off-road use and was actually used by Pendleton only for hunting purposes, the truck should be considered as designed for use principally off public roads. To support their position, they cite Doty v. Safeco Ins. Co., 400 So.2d 718 (La.App. 3rd Cir.1981), in which the court found that a pickup truck carrying a bolted-down welding machine was mobile equipment under policy language similar to that used in this case. However, | fithe Doty court’s decision was based on a section of the definition of mobile equipment that is not applicable in the present case.
Here, the policy defined auto as a vehicle designed for travel on public roads. Considering the evidence that Pendleton’s truck was previously registered and inspected for such travel and was covered by an automobile insurance policy, the 1981 Ford truck satisfied the definition of auto under the policy. After reviewing the record, we conclude that although Pendleton used his pickup truck primarily for off- *506 road purposes, the 1981 truck was not a vehicle designed “principally” for use off public roads, such as a bulldozer or forklift. Thus, contrary to the argument of plaintiff and the above-named defendants, the truck did not qualify as mobile equipment under subsection (a) of the policy definition.
The plaintiff also contends that Pendleton’s truck was mobile equipment under subsection (b) of the definition because it was maintained for use solely on the rented premises. Plaintiff argues that the identification of the named insured as “All States Hunting Clubs” on the supplemental declarations page, omitting “Association” from the name, creates a question of fact as to whether each individual hunting club is a named insured.
The Scottsdale policy states that “the words ‘you’ and ‘your’ refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.” All States Hunting Clubs Association is listed as the named insured on the common policy declarations page.
The plaintiff has not indicated any policy endorsement or amendment 17identifying Whitetail Hunting Club as a named insured under the policy. The form entitled “All States Hunting Clubs Association Hunting Lease Liability,” referenced by plaintiff, does not make the identity of the named insured ambiguous. The form indicates that Whitetail Hunting Club is an “insured” under the policy, but does not identify the Club as named insured.
Nor does the record support plaintiffs contention that there is no insurable interest if All States Hunting Clubs Association, as the named insured, does not own or rent the hunting camp land. The Association would appear to have an insurable interest with regard to activities carried out on its behalf and would not necessarily need to own or rent any of the land on which such activities might be performed.
Under the subsection (b) definition of mobile equipment, because All States Hunting Clubs Association did not own or rent the premises where the 1981 truck was maintained, the vehicle does not qualify as mobile equipment and is subject to the policy’s auto exclusion. Thus, we cannot say the district court erred in concluding that the Scottsdale insurance policy excluded coverage for plaintiffs injuries. The assignments of error lack merit. In reaching this conclusion, we pretermit discussion of the remaining assignment regarding the denial of plaintiffs motion for summary judgment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Ashley Pritchard.
AFFIRMED.