# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

No. 10-30381

Lyle W. Cayce
Clerk

DICKIE BRENNAN & COMPANY, INC.; COUSIN'S RESTAURANT, INC.,
doing business as Palace Café; SEVEN SIXTEEN IBERVILLE, L.L.C., doing
business as Dickie Brennan's Steakhouse; BRASSERIE, L.L.C., doing
business as Bourbon House,

Plaintiffs-Appellants

v.

LEXINGTON INSURANCE CO.,

Defendant-Appellee

Appeal from the United States District Court,
Eastern District of Louisiana

Before DAVIS, WIENER, BENAVIDES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

This dispute concerns coverage for a type of business interruption
insurance. The Appellants[1] (collectively "the Brennans") brought suit against
their insurer, Lexington Insurance Co. ("the Appellee"), when Lexington denied
coverage for the Brennans' losses incurred when they were unable to conduct
business during a mandatory evacuation of New Orleans.

---

[1] Dickie Brennan & Company, Inc.; Cousins Restaurant, Inc. (doing business as Palace
Café); Seven Sixteen Iberville, L.L.C. (doing business as Dickie Brennan's Steakhouse); and
Brasserie, L.L.C. (doing business as Bourbon House).

No. 10-30381

When the evacuation order was issued, Hurricane Gustav was approaching New Orleans from the Gulf of Mexico. Fortunately, New Orleans suffered only minor damage, and neither the Appellants' nor their neighbors' properties were damaged. Because no nexus was shown between the evacuation order and "damage to property, other than at the described premises," the district court granted summary judgment for Lexington, dismissing the Brennans' suit. The Brennans timely appealed. We agree with the district court that the evidence fails to demonstrate the required nexus between the evacuation order and damage to property "other than at the described premises." We therefore affirm.

## I. BACKGROUND

As Hurricane Gustav approached Louisiana on August 30, 2008, New Orleans Mayor Ray Nagin issued a mandatory evacuation order requiring the evacuation of the West Bank commencing at 8:01 a.m. on August 31, 2008 and of the East Bank commencing at noon on August 31, 2008.[2] Although the order did not refer to any property damage, it stated that both the Governor and Mayor Nagin were declaring a state of emergency "because of anticipated high lake and marsh tides due to the tidal surge, combined with the possibility of intense thunderstorms, hurricane force winds, and widespread severe flooding." The Brennans allege that Hurricane Gustav had already damaged property in the Caribbean nations of Cuba, Jamaica, the Dominican Republic, and Haiti when Nagin issued the evacuation order.

The Brennans operate New Orleans restaurants that were insured by Lexington during the evacuation. The Business Income and Extra Expense form

---

[2] On September 2, 2008, Mayor Nagin issued an Amended Evacuation Order announcing that the evacuation would end on September 4, 2008. Plaintiffs do not argue that the Amended Order triggered coverage.

No. 10-30381

of the Lexington policy contained a civil authority provision under the heading "Additional Coverages." The provision stated:

> We will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss. This coverage will apply for a period of up to two consecutive weeks from the date of that action.

The Brennans argued in the district court and now maintain on appeal that the damage Hurricane Gustav caused in the Caribbean qualified as "damage to property, other than at the described premises" and therefore was sufficient to trigger coverage under this provision.

## II.  STANDARD OF REVIEW

We review grants of summary judgment de novo, applying the same standards as the district court.[3] "Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."[4]

## III.  ANALYSIS

### A.

The parties agree that Louisiana law applies to the interpretation of the insurance policy and that *Kean, Miller, Hawthorne, D'Armond McCowan & Jarman, LLP v. National Fire Insurance Company of Hartford*,[5] a district court case that considered a nearly identical civil authority provision, establishes the framework for reviewing the provision in Lexington's policy. Under this

---

[3] *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir. 2009).

[4] *Id.* at 247-48.

[5] 2007 WL 2489711 (M.D. La. 2007).

No. 10-30381

framework, to prove coverage under the civil authority provision, the insured must establish a loss of business income:

> (1) caused by an action of civil authority; (2) the action of civil authority must prohibit access to the described premises of the insured; (3) the action of civil authority prohibiting access to the described premises must be caused by direct physical loss of or damage to property other than at the described premises; and (4) the loss or damage to property other than the described premises must be caused by or result from a covered cause of loss as set forth in the policy.[6]

The parties dispute whether the mandatory evacuation order fulfilled the third element.

The Brennans argue that the third element is fulfilled when the civil authority action is a response to property damage (with no geographic limitation) that has been sustained earlier from the same cause threatening to damage the locale where the insured premises are located. They argue that the prior damage in the Caribbean, coupled with Gustav's projected path toward New Orleans, satisfies this element. Lexington, on the other hand, argues that the policy requires a causal link between the prior damage and the civil authority action and that the damage must be near (although not at) the insured premises to satisfy that link.

The order does not mention the earlier property damage in the Caribbean. It lists possible future storm surge, high winds, and flooding based on Gustav's predicted path as reasons for evacuation. Additionally, both sides agree that there had been no damage to property in Louisiana when the order was issued. Nothing in the record, including the order itself, shows that the issuance of the order was "due to" physical damage to property, either distant property in the Caribbean or property in Louisiana. We are therefore persuaded that the

---

[6] *Id.* at *3.

4

No. 10-30381

Brennans failed to demonstrate a nexus between any prior property damage and the evacuation order.

## B.

We are persuaded by the reasoning of *South Texas Medical Clinics, PA v. CNA Financial Corp.*[7] that the district court correctly accepted Lexington's argument that the Brennans failed to establish a link between the property damage in the Caribbean and the issuance of Nagin's evacuation order so as to trigger coverage under the Lexington policy. In *South Texas*, Hurricane Rita was predicted to hit Wharton County, Texas, which issued a mandatory evacuation order that the insured obeyed. Before the order was issued, Rita had made landfall and damaged property in Florida. Although property in Wharton County suffered no actual damage, the insured suffered business losses due to its evacuation. The insurance policy contained a civil authority provision identical to the provision in the Lexington policy at issue in this case. Because the record in *South Texas* showed that the official who issued the evacuation order did so because Rita was threatening the Texas coast, not because Rita had already caused property damage in Florida, Judge Rosenthal concluded that the necessary nexus between the damage and issuance of the order had not been established.[8]

The Brennans argue that *South Texas* is inapplicable because it was based on Texas insurance law, and under Texas law the words "due to" require a close causal link that Louisiana law does not require. Notwithstanding the absence

---

[7] 2008 WL 450012 (S.D. Tex. 2008).

[8] *Id.* at *10.

No. 10-30381

of Louisiana cases on this precise point, the "due to" language in Lexington's policy requires a close causal link by its plain terms.[9]

*South Texas* relied on *United Air Lines*,[10] a well-reasoned Second Circuit case decided under New York law.[11]  In *United Air Lines*, the insured claimed business losses resulting from the closure of Reagan National Airport on September 11, 2001.  The policy in that case required the insured to establish that the order of civil authority was "a direct result of damage to adjacent premises."[12]  Because the airport was closed *before* the Pentagon (the allegedly adjacent property) was struck, the court concluded that there was no coverage.  The civil authority order was "based on fears of future attacks," not on prior physical damage, so the insured failed to establish the necessary causal link between prior property damage and the civil authority order.[13]

The general rule is that "[c]ivil authority coverage is intended to apply to situations where access to an insured's property is prevented or prohibited by an order of civil authority issued as a direct result of physical damage to other premises in the proximity of the insured's property."[14]  Although it does not expressly address the proximity issue, the Lexington policy requires proof of a causal link between prior damage and civil authority action.  The record in this case demonstrates no such link, which leads us to conclude that the district court

---

[9] The phrase "due to" is defined as "1. Caused by : attributable to. 2. Because of." Webster's II New Riverside University Dictionary 409 (1984).  The Brennans conceded at oral argument that "due to" is a synonym of "because."

[10] *United Air Lines, Inc. v. Ins. Co. of State of Pa.*, 439 F.3d 128 (2d Cir. 2006).

[11] *See South Texas,* 2008 WL 450012 at *8-9.

[12] *United Air Lines*, 439 F.3d at 129.

[13] *Id.* at 134-35.

[14] Clark Schirle, *Time Element Coverages in Business Interruption Insurance*, 37 THE BRIEF 32, 38 (2007).

No. 10-30381

correctly found no coverage for the Brennans' loss of revenue because of the business interruption.  This resolution of the case makes it unnecessary for us to consider the Brennans' argument about the policy deductible or the claim for bad faith damages.

## IV.  CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.