# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2011

No. 11-50352
Summary Calendar

Lyle W. Cayce
Clerk

JOANNE HARP,

Plaintiff-Appellant

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-655

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joanne Harp appeals following the district court's grant of summary judgment to the defendant in her suit alleging that Liberty Mutual Insurance Company breached its duties under the Texas Insurance Code and acted in bad faith by denying and delaying benefits for her workers' compensation claim. Reviewing the record de novo, *see Dickie Brennan & Co. v. Lexington Ins. Co.*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50352

636 F.3d 683, 685 (5th Cir. 2011), we AFFIRM essentially for the reasons given by the district court.

1. The undisputed record evidence shows that Liberty Mutual paid Harp temporary income benefits throughout the claims process. It also shows that Harp was provided with prescription medication, a surgical nerve block injection, and a walking boot for her compensable injury. Liberty Mutual disputed whether the extent of Harp's foot injury included chronic femoral pain syndrome, a foot cyst, knee pain, bursitis, and complex regional pain syndrome (CRPS), but the record fails to show that specific medical treatment or income benefits were improperly denied. Conclusory assertions by Harp's treating physician that the carrier was denying all medical treatment and medications are belied by the record and fail to create a genuine issue of material fact.

2. We find no reversible error in the district court's refusal to consider evidence that Harp submitted for the first time in her objections to the magistrate judge's report. At most, the evidence constituted only a scintilla of evidence and is insufficient to defeat summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Most of the evidence is also contradicted by the record showing Liberty Mutual's payment of medical and income benefits.

AFFIRMED.