MARC E. JOHNSON, Judge.
 

 12This appeal arises from the granting of a motion for summary judgment involving an automobile accident in favor of Defendant/Appellee, Geico General Insurance Company (“Geico”), and against Plaintiffs/Appellants, Dr. John Sandoz (“Dr. Sandoz”) and Kathleen Sandoz (“Mrs. San-doz”), from the 24th Judicial District Court, Division “F”. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, on June 20, 2007, Mrs. Sandoz was traveling southbound on Causeway Boulevard and was approaching the intersection of Causeway Boulevard and 49th Street in Metairie, Louisiana, in a 2006 BMW M-5. As Mrs. Sandoz was approaching 49th Street, Mr. Jessie Bourgeois (“Mr. Bourgeois”) was traveling westbound on 49th Street. Mr. Bourgeois failed to yield, as directed by the yield sign, and illegally entered Mrs. Sandoz’s lane. As a result, Mrs. Sandoz struck the passenger side of Mr. Bourgeois’s vehicle. The car Mrs. Sandoz was driving, which belonged to her and her husband, Dr. Sandoz, incurred extensive damage as a result the accident. Mr. Bourgeois was cited for failure to yield. On the date of the accident, Mr. Bourgeois was insured by State Farm [Mutual Automobile Insurance Company (“State Farm”). Plaintiffs had a collision and UM7 UIM (uninsured motorist/underinsured motorist) policy with Geico for their car on the date of the accident.
 

 Mr. Bourgeois’s policy with State Farm covered both the cost to repair physical damage to property and the diminution in value of the property that resulted from the physical damage. The policy was subject to a $25,000.00 policy limit. State Farm arranged for Plaintiffs to take their car to Jay’s Body Shop for repairs. The car was repaired, and the bill of $16,272.00 was paid by State Farm on or about July 24, 2007. Subsequently, State Farm paid the remainder of the $25,000.00 policy limit to Plaintiffs in the form of a $7,386.89 check for diminution in value of the car. After taking delivery of the car from the body shop, Plaintiffs traded it in for a new vehicle and found there was a diminution in value of approximately $40,000.00 of the BMW.
 

 On June 16, 2008, Plaintiffs filed a petition for damages against Mr. Bourgeois and State Farm seeking to recover for property damage to their car and personal injuries. On November 14, 2008, Plaintiffs
 
 *324
 
 amended their petition to add Geico as a defendant with respect to the personal injuries sustained by Mrs. Sandoz and the physical damage to the car. On June 10, 2009, Plaintiffs settled their claims against Mr. Bourgeois and State Farm upon the receipt of the remainder of the policy limit for the State Farm policy.
 

 On June 17, 2010, Geico filed a motion for summary judgment asserting the general policy indicates that the policy obtained by Plaintiffs excludes diminution in value claims for first party claimants. Additionally, Geico asserted the UM/UIM coverage is excluded for diminution in value claims. On July 19, 2010, Plaintiffs also filed a motion for summary judgment asserting Mr. Bourgeois was underinsured and coverage was triggered under their Geico policy for their | remaining uninsured losses.
 

 A hearing for the motions for summary judgment was held on August 2, 2010. The trial court granted Geico’s motion and dismissed all property damage and diminution in value claims of Plaintiffs with prejudice on August 11, 2010. Conversely, Plaintiffs motion was denied by the trial court. Plaintiffs filed the instant devolu-tive appeal from the trial court’s granting Geico’s motion for summary judgment.
 

 ISSUES PRESENTED FOR REVIEW
 

 On appeal, Plaintiffs allege the trial court erred when it dismissed their claims against Geico for physical damage to their BMW because 1) they did not receive double recovery or a windfall when State Farm provided the payment for the repair bill, and 2) their car was not restored to its pre-collision condition, which permits recovery of diminution in value under their policy provisions.
 

 LAW AND ANALYSIS
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 State ex rel. Dept. of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, 07-167, p. 4 (La.App. 5 Cir. 10/30/07); 971 So.2d 1163, 1164,
 
 writ denied,
 
 07-2304 (La.1/25/08); 973 So.2d 761. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Id.
 
 A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id., citing Hines v. Garrett,
 
 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 766.
 

 |sThe mover in a motion for summary judgment bears the burden of proof; however, the mover needs only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim ...”
 
 Fossier v. Jefferson Parish,
 
 07-926, p. 9 (La.App. 5 Cir. 4/15/08); 985 So.2d 255, 259,
 
 citing
 
 LSA-C.C.P. art. 966(C)(2). If a defendant moving for summary judgment has made a
 
 prima facie
 
 showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.
 
 Id.
 
 The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Hutchinson v. Knights of Columbus, Council No.
 
 5747, 03-1533, p. 7 (La.2/20/04); 866 So.2d 228, 233.
 

 Plaintiffs argue there has been no double recovery or a windfall to them that would allow Geico to avoid its promise to
 
 *325
 
 provide collision coverage on the grounds that another insurance company has arranged for the repair of their car. Plaintiffs aver that their collision policy covers the accident and the damage incurred from it within the definitions of “collision” and “loss” provided in the policy. Plaintiffs further aver that there is no exclusion in the collision policy for physical damage that results from the negligence of a tort-feasor, such as Mr. Bourgeois.
 

 Plaintiffs also argue that State Farm’s payment to Jay’s Body Shop in satisfaction of the cost to repair cannot operate as a waiver of their rights to Geico’s policy, and they never released Geico from its policy obligations. Plaintiffs contend an insurance policy is a contract of indemnity between the insured and the insurer and must be interpreted in accordance with Louisiana’s general rules of contract interpretation. Because Plaintiffs allege the Geico policy has ambiguous provisions, they contend the provisions must be construed in favor [ fiof coverage for diminution in value to their 2006 BMW M-5.
 

 Geico argues that Plaintiffs do not have a collision claim because their vehicle was repaired to its pre-damage condition. Gei-co asserts that State Farm made a payment to Jay’s Body Shop in the amount of $16,272.00 solely for the total repair costs necessary to restore Plaintiffs vehicle to its pre-damage condition. As a result, Geico asserts that Plaintiffs do not have a valid collision claim against it, and the only remaining property damage claim that Plaintiffs can assert is for diminution in value. Additionally, Geico argues the language of the policy clearly and unambiguously excludes diminution in value claims for first party claimants, such as Plaintiffs.
 

 An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.
 
 Cadwallader v. Allstate Ins. Co.,
 
 02-1637, p. 3 (La.6/27/03); 848 So.2d 577, 580. If the policy wording at issue is clear and unambiguously expresses the parties’ intent, the insurance contract must be enforced as written.
 
 Id.
 
 at 4. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. art. 2046. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion.
 
 Cadwallader v. Allstate Ins. Co.,
 
 02-1637 at 3, 848 So.2d at 580.
 

 In the instant matter, the “Collision” section of Geico’s “Louisiana Family Automobile Insurance” policy provides, in pertinent part, “1. We will pay for
 
 collision loss
 
 to the
 
 owned
 
 or
 
 non-owned auto
 
 for the amount of each loss less the applicable deduction.” (Emphasis in original). Under the “LIMIT OF LIABILITY” section, it provides, in pertinent part,
 

 The limit of our liability for
 
 loss:
 

 1. is the
 
 actual cash value
 
 of the property at the time of the
 
 loss;
 

 2. will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property’s value that is claimed to result from the
 
 loss;
 

 [[Image here]]
 

 Actual cash value
 
 of property will be determined at the time of the
 
 loss
 
 and will include an adjustment for
 
 depreciation/betterment
 
 and for the physical condition of the property. (Emphasis in original).
 

 
 *326
 
 Subsequently, under “PAYMENT OF LOSS” section, the policy provides, “We may at our option: (a) pay for the
 
 loss;
 
 or (b) repair or replace the damaged or stolen property.” (Emphasis in original).
 

 Here, Plaintiffs chose file a claim with State Farm to have the repair work completed for the damage done to their car. State Farm selected a repair shop (Jay’s Body Shop), and Plaintiffs acquiesced in having their car repaired by State Farm at that particular shop by presenting their car for repairs. State Farm presented payment in full to the repair shop for the repair work completed. Geico was not involved at any point in that repair process.
 

 Although Plaintiffs did not sign a waiver releasing Geico from covering any of the physical damage, they effectively removed Geico’s options to pay for the loss by pursuing a claim with State Farm. As a result, Geico was not presented with the option to decide how to handle a claim, e.g., pay for the loss or repair or replace the damaged property. The repair work had already been completed on the car before Plaintiffs filed a claim. Plaintiffs’ actions, basically, waived their right to question whether or not the physical damage to their car would have been covered under Geico’s policy.
 

 In regards to Plaintiffs’ assertion that the policy covers the diminution in value for their car, Geico limited its liability to Plaintiffs through the clear and 1 ^unambiguous language in the policy. Under the “LIMIT OF LIABILITY” section of the policy, it clearly states it “will not include compensation for any diminution in the property’s value that is claimed to result from the loss.” Plaintiffs had their car repaired by State Farm to its pre-collision condition prior to filing their claim with Geico. The only claim Plaintiffs had remaining was diminution in value, not property damage. Plaintiffs cannot receive that compensation from Geico because it is not covered under the policy. To find in favor of Plaintiffs would enlarge the provisions of the policy beyond what is reasonably contemplated by unambiguous terms.
 

 DECREE
 

 Based on the foregoing reasons, the judgment of the trial court granting Gei-co’s Motion for Summary Judgment is affirmed. Plaintiffs are assessed the costs of this appeal.
 

 AFFIRMED