IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-30869
Summary Calendar

KATHLEEN M. BILBE,

Plaintiff-Appellant,

v.

DONALD BELSOM; STATE FARM FIRE AND CASUALTY COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-7596

Before SMITH, BARKSDALE and ELROD, Circuit Judges..
JERRY E. SMITH, Circuit Judge:[*]

Kathleen Bilbe's house was destroyed by Hurricane Katrina. She submit-
ted claims under a homeowners policy and a flood insurance policy issued by
State Farm Fire and Casualty Company ("State Farm"). For the latter policy,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

State Farm paid Bilbe the policy limit of $96,400, but, after accounting for the deductible, paid only $1,466.27 under the homeowners policy, citing the Water Damage Exclusion.

Bilbe, appearing pro se in the district court and on appeal, sued State Farm and its agent in state court; the agent was dismissed, and State Farm removed to federal court, where Bilbe alleged that the Water Damage Exclusion does not apply because it was the storm surge, not a flood, that had caused the damage. The district court granted summary judgment for State Farm, and we affirm.

I.

We review de novo a grant of summary judgment under Federal Rule of Civil Procedure 56. See, e.g., TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002). Summary judgment will be affirmed "only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

"Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003)), cert. denied, 128 S. Ct. 1230, and cert. denied, 128 S. Ct. 1231 (2008). "If the policy wording at issue is clear and unam-

biguously expresses the parties' intent, the insurance contract must be enforced as written." Id. at 207 (quoting Cadwallader, 848 So. 2d at 580).

II.

In her statement of undisputed material facts, Bilbe conceded that "[t]he subject property was struck by a storm surge," and the "dwelling and contents received water to a height of 13.5'." In the joint pre-trial order, it was uncontested that "[t]he force of water would have been sufficient to destroy petitioner's family dwelling even if it was undamaged at the time the water impacted it" and that "following Hurricane Katrina, all of the contents on the first floor of Plaintiff's home were covered by standing water."

The homeowners policy's Water Damage Exclusion limits insurance coverage thusly:

> 2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . . .
>
> c. Water Damage, meaning: (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not.

The district court, after reviewing State Farm's and Bilbe's motions for summary judgment, and the respective motions in opposition, found in favor of State Farm:

> The damage to Plaintiff's home was caused by the inundation of her home by what was clearly tidal water from Lake Pontchartrain (her home was in the Venetian Isles subdivision of Orleans Parish) driven ashore during Hurricane Katrina. The Court determines that this is water damage within the meaning of State Farm's policy exclusion. . . . State Farm's water damage exclusion clearly and unambiguously excludes damage for all floodingSSwhether driven by hurricane winds or not.

We agree. We have repeatedly held that the term "flood" includes storm surges.[1] Indeed, we have addressed this very issue, involving this very clause, in reference to Mississippi law, explicitly rejecting the argument that "damages caused by storm surge are not excluded from coverage by the Water Damage Exclusion." Tuepker v. State Farm Fire & Cas. Co., 507 F.3d 346, 352-53 (5th Cir. 2007). Louisiana courts, like those in Mississippi, construe insurance unambiguous contracts according to their plain language.[2] Consequently, precedent dictates that "[t]he phrase 'storm surge' is little more than a synonym for a 'tidal wave' or wind-driven flood, both of which are excluded perils. The omission of the specific term 'storm surge' does not create ambiguity in the policy regarding coverage available in a hurricane and does not entitle the [homeowner]

---

[1] See, e.g., Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 437 (5th Cir. 2007) ("Courts have interpreted water-damage exclusions like the one found in the Leonards' policy to encompass the peril of wind-driven inundation by water, or storm surge, for ages. . . . No decision of this court or any other of which we are aware endorses the Leonards' view that storm surge is a unique meteorological phenomenon not contemplated by water-damages exclusions like Nationwide's."), cert. denied, 2008 U.S. LEXIS 3106 (U.S. Apr. 14, 2008).

[2] Compare id. at 429 ("Mississippi courts give effect to the plain meaning of an insurance policy's clear and unambiguous language. No rule of construction requires or permits [Mississippi courts] to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear.") (internal citations and quotations omitted) with Katrina Canal, 495 F.3d at 207 ("[Under Louisiana insurance law, t]he words of a contract must be given their generally prevailing meaning. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.") (internal citations and quotations omitted).

to recovery for . . . flood-induced damages." Leonard, 499 F.3d at 437-38.

### III.

On appeal, Bilbe asserts several arguments that were not adequately raised in the district court, including those relating to the efficient proximate cause doctrine, Louisiana's Valued Policy Law, personal property payments, sanctions, and which party bears the burden of proof.[3] These arguments are waived. See, e.g., Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988).

Bilbe likewise argues that the district court abused its discretion when it denied several of her pre-trial motions. We see no abuse of discretion. If Bilbe believed that she was unable to respond effectively to the motion for summary judgment, she should not have offered her own motion for summary judgment but instead should have moved for a continuance pursuant to Federal Rule of Civil Procedure 56(f). We also afford district courts a great deal of deference in

---

[3] In Bilbe's memorandum in opposition to summary judgment, she mentions that wind damage occurred before the storm surge arrived. This perhaps is a vague allusion to proximate cause. Even if this is issue is not waived, however, precedent is against her. In Leonard, we held that

> [there are] three discrete categories of damage at issue . . . : (1) damage caused exclusively by wind; (2) damage caused exclusively by water; and (3) damage caused by wind 'concurrently or in any sequence' with water. The classic example of such a concurrent wind-water peril is the storm-surge flooding that follows on the heels of a hurricane's landfall. The only species of damage covered under the policy is damage caused exclusively by wind. But if wind and water synergistically caused the same damage, such damage is excluded.

Leonard, 499 F.3d at 430.

The contract states that the Water Damage Exclusion applies regardless of "whether other causes acted concurrently or in any sequence with the excluded event to produce the loss." As noted, in the joint pre-trial order, it was uncontested that "[t]he force of water would have been sufficient to destroy petitioner's family dwelling even if it was undamaged at the time the water impacted it," and Bilbe conceded that a storm surge "struck" the home. Therefore, even if her proximate cause argument is considered, summary judgment was appropriate.

determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence.[4] Finally, because the district court's decision is correct as a matter of law, it did not err in denying Bilbe's motion to alter or amend the judgment, to grant a new trial, or to grant relief from judgment.

AFFIRMED.

---

[4] As the district court observed in denying her motion to modify the scheduling order, Bilbe "admitted that she had missed three cutoff dates that had been set forth in the scheduling order," and the court pointed to numerous examples of Bilbe's deficient filing practices. "Finding this conduct unacceptable, the Court denied Ms. Bilbe's request to reset deadlines. Thereafter, in an apparent attempt to obtain the same relief from a different source, Ms. Bilbe filed a Motion to Extend Deadlines for Delivering Expert Reports, Discovery, and filing witness and exhibit lists" with the magistrate judge, without mentioning "that she had previously been denied similar relief by the district judge." "Although the Court [acknowledged] that the simple solution would be to continue the trial and set new deadlines, [it rejected that solution because] such a ruling would condone Ms. Bilbe's behavior, and the Court [was] unwilling to do so." The district court did not abuse its discretion in finding no good cause to amend the scheduling order.