# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30704
Summary Calendar

LENA PANTANELLI

Plaintiff-Appellant

v.

STATE FARM FIRE & CASUALTY COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-11432

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lena Pantanelli ("Pantanelli") appeals the district court's grant of summary judgment to Defendant-Appellee State Farm Fire & Casualty Co. ("State Farm") in this suit involving State Farm's refusal to compensate Pantanelli for water damage caused to her home by Hurricane Katrina. Pantanelli filed a claim with State Farm after losing her home to the storm, and State Farm paid Pantanelli for wind damage to the roof. However,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State Farm concluded that the majority of damage to the structure and contents of the residence was caused by flooding, which is specifically excluded from coverage in the insurance policy. State Farm refused to pay Pantanelli for the water damage, and Pantanelli filed suit in Louisiana state court. State Farm removed to federal court, and the district court granted summary judgment. Pantanelli timely appeals.

Under the case law of this Circuit, we unambiguously interpret the language in State Farm's policy as excluding damage caused by flooding from Katrina. See Bilbe v. Belsom, 530 F.3d 314 (5th Cir. 2008)(holding that damage to plaintiff's home caused by storm surge was water damage, and thus excluded by State Farm policy); In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007)(holding that flood exclusion provisions in State Farm policy covered damage caused by flooding due to breached levees). We have also rejected attempts to argue that water damage occurring concurrently with wind damage brings flooding within the ambit of the State Farm policy.[1] See Tuepker v. State Farm Fire & Cas. Co., 507 F.3d 346, 354 (5th Cir. 2007) ("any damage caused exclusively by a nonexcluded peril or event such as wind, not concurrently or sequentially with water damage, is covered by the policy, while all damage caused by water or by wind acting concurrently or sequentially with water, is excluded.") Pantanelli is unable to rebut State Farm's finding that the damage to her home was caused by flooding, and her argument that the damage was "wind-driven" is foreclosed by our holding in Tuepker. Because Pantanelli does not present any genuine issue of material fact, Fed. R. Civ. P. 56(c), the district court's grant of summary judgment was proper and is AFFIRMED.

---

[1] The policy states: "We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to cause the loss."