# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-30140

STEPHEN WILLIAMS; VANESSA WILLIAMS,

Plaintiffs - Appellants

v.

ALLSTATE INDEMNITY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-62

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stephen and Vernessa Williams appeal the district court's grant of summary judgment to insurer Allstate Indemnity Company ("Allstate") on their claims for payment of losses suffered during Hurricane Katrina under their homeowners' insurance policy. Because the record as narrowed by the unappealed evidentiary rulings of the district court discloses no competent summary judgment evidence that the Williamses suffered any losses in excess of what Allstate has already paid, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts & Procedural History

The Williamses' home suffered serious damage during Hurricane Katrina. At that time, the Williamses' home was insured under a homeowners' policy issued by Allstate that provided $123,000 in coverage for the primary structure, $12,300 in coverage for other structures, and $61,500 in coverage for the home's contents. The home was also insured under a flood policy issued by Allstate. The Williamses reported a loss to Allstate on August 31, 2005. Allstate inspected the property on October 17, 2005 and ultimately paid the Williamses a total of $134,762.43 under the two policies. These paid claims represented losses estimated by Allstate in several categories: (1) under the homeowners' policy, (a) $15,352.14 for wind damage to the house, fence, and trees;[1] (b) $1,165.35 for  depreciation; and (c) $2,500 for advanced additional living expenses; and (2) under the flood policy, (a) $68,661.16 for structure damage to the house and (b) $50,000 for losses from the contents of the house. Allstate made the last of these payments in March of 2007.

On August 27, 2007, the Williamses and six other plaintiffs filed a lawsuit against Allstate in Louisiana state court seeking payment of the full policy limits under the homeowners' policy. Allstate removed the lawsuit to the United States District Court for the Eastern District of Louisiana on November 1, 2007; shortly afterward, the court ordered the plaintiffs' claims severed and refiled. The Williamses refiled their claim on January 3, 2008. After discovery, Allstate moved for summary judgment, which the district court granted on November 26, 2008. The Williamses timely appealed.

## II. Standard of Review

We review a grant of summary judgment de novo, *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555 (5th Cir. 2008), but

---

[1] This number includes the policy's $2,460 hurricane deductible.

determinations of the admissibility or competency of summary judgment evidence only for abuse of discretion, *McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When reviewing a grant of summary judgment, we view all facts and evidence in the light most favorable to the non-moving party, *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006), but the scope of our "inquiry is limited to the summary judgment record before the trial court." *Topalian v. Ehrman*, 954 F.2d 1125, 1131–32 n.10 (5th Cir. 1992). To avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## III. Analysis

The Williamses appeal the district court's determination that Allstate owes no further indemnity to them for "structure damage" losses covered by the homeowners' policy. "Louisiana law . . . places the burden on the plaintiff [insured] to establish every fact essential to recovery and to establish that the claim falls within the policy coverage." *Ho v. State Farm Mut. Auto Ins. Co.*, 862 So. 2d 1278, 1281 (La. Ct. App. 2003); *see also Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) ("When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms. On the other hand, the insurer bears the burden of

proving the applicability of an exclusionary clause within a policy." (citations omitted)), *modified on other grounds*, 787 So. 2d 573 (La. 2001).

While these principles of law are clear, the parties dispute the question of who bears the burden when an insured has suffered not only some losses which are covered by the policy but also some which fall within an exclusion to coverage. It is unnecessary for us to decide this question here because the Williamses, of course, cannot recover from Allstate for a loss for which they have already been paid pursuant to the policy, as is alleged to have occurred here. The prima facie burden would rest with the Williamses at trial to show that, at a minimum, they suffered a structure damage loss—whether covered or within an exclusion—in excess of what Allstate has already paid on that claim. As such, at summary judgment, Allstate needed only to note—as it did—the absence of competent summary judgment evidence on this question to shift the burden to the Williamses to identify evidence showing a genuine issue of material fact sufficient to preclude summary judgment. *See, e.g.*, *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) ("If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case.").

The only "evidence" to which the Williamses direct the court in support of their claim for damages in excess of what they have already been paid are (1) a purported affidavit from Ms. Williams, which did not precisely estimate the structure damage loss but explained that, despite spending all the money from Allstate—plus $65,000 from the "Road Home" program—on repairs, the Williamses "ran out of money to complete the repairs"; and (2) a report from the Williamses' proposed expert, Kenneth Savage, which estimated total repair costs at $140,549.95. The affidavit and report, however, are not in the summary judgment record: the district court affirmatively excluded this evidence, and the

Appellants did not appeal that exclusion; therefore, we may not consider it.[2] *See Topalian*, 954 F.2d at 1131–32 n.10 ("[This court's inquiry is limited to the summary judgment record before the trial court . . . ."). The Williamses' only other summary judgment evidence of structure damage loss is in the form of receipts showing $46,550.60 in repair costs—far less than the total amount already paid by Allstate.[3]

To the extent that the Williamses contend that the total of the receipts is more than they have been paid on the wind damage claims, they wholly failed to provide any evidence whatsoever to explain these receipts. Indeed, the receipts exist in a virtual vacuum in the record that makes any interpretation of their import effectively impossible. The receipts themselves do not clearly reflect damage to the structure at all, let alone structure damage for which the Williamses have or have not already been compensated. It was the Williamses' burden in opposition to summary judgment "set out specific facts showing a genuine issue for trial." *See* FED. R. CIV. P. 56(e)(2). In the absence of any context to or explanation of these receipts, we cannot find that the district court erred in its ruling.[4]

There is therefore no genuine issue of material fact as to whether the Williamses' property actually suffered structural damage from any cause in excess of the amount already paid by Allstate. Because the existence of a loss

---

[2] We express no opinion on the merits of the district court's unappealed evidentiary rulings.

[3] Inasmuch as the only remaining evidence in the record supporting the Williamses' claims of loss consists of receipts, we need not address the Appellee's alternative contention—rejected by the district court—that, under the Policy, only receipts may serve as evidence of loss.

[4] Allstate also notes that the receipts appear to be principally for interior repairs—and that the Williamses' deposition testimony discloses only flood damage to the interior of the house. The Williamses have not contested this allegation. Allstate has already paid more than the total of the receipts for flood damage.

not already paid by the insurer is fundamentally a "fact essential to recovery" that the insured must prove before triggering any responsive burden on the insurer's part, *see, e.g.*, *Ho*, 862 So. 2d at 1281, the Williamses' failure to adduce or identify competent summary judgment evidence showing the existence of such an unpaid loss is a sufficient basis, by itself, to affirm summary judgment on the structural damage claims.

The Williamses' other purported contractual claims against Allstate were insufficiently briefed on appeal for the court to consider.[5] Absent any valid contractual claim, their claims for statutory penalties pursuant to former sections 658 and 1220 of title 22 of the Louisiana Revised Statutes necessarily fail as well.[6] Under Louisiana law, "a plaintiff attempting to base her theory of recovery against an insurer on [sections 22:658 and 22:1220] must first have a valid, underlying, substantive claim upon which insurance coverage is based. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim. This conclusion reflects the general principle that statutes allowing for the imposition of penalties must be strictly construed." *Clausen v. Fid. & Deposit Co. of Md.*, 660 So. 2d 83, 85–86 (La. Ct. App. 1995) (footnote omitted).

---

[5] On a single page of their brief in which the Williamses explain why summary judgment is inappropriate, the Williamses assert that "the parties dispute the value of their property *and the value of the contents*." Later on the same page, the Williamses assert that "the parties are also at odds over the amount of Alternative Living Expenses [(ALE)] for which Allstate is responsible and the reason ALE was necessary." No further argument or citation to the record on these two issues is provided anywhere in the brief. The Williamses' "failure to cite or refute the record not only waives this complaint on appeal but demonstrates the lack of evidence in [their] favor." *See Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1998). These arguments are waived.

[6] These provisions have since been renumbered sections 1892 and 1973, respectively, of title 22.

## IV. Conclusion

We therefore AFFIRM summary judgment for Appellee Allstate in all respects.