# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2011

No. 10-30950

Lyle W. Cayce
Clerk

C.R. PITTMAN CONSTRUCTION COMPANY, INCORPORATED; C.R.
PITTMAN,

Plaintiffs-Appellants,

v.

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as Successor
by Merger to Transcontinental Insurance Company,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-4534

ON PETITION FOR PANEL REHEARING

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

      We GRANT Appellee's petition for panel rehearing and issue the following

opinion in place of our September 30, 2011 opinion.

      Pittman Construction Company ("Pittman Construction") appeals the

district court's grant of summary judgment to National Fire Insurance Company

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30950

of Hartford ("National") on Pittman Construction's claim that National breached an insurance contract by failing to reimburse Pittman Construction for damages to equipment caused by Hurricane Katrina. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pittman Construction had two contracts, the Dwyer Contract and the Cousins Contract, with the U.S. Army Corps of Engineers (the "Corps") to complete two projects. Pittman Construction stored certain equipment to be installed as part of the pumping units for the projects both inside and outside of its warehouse in New Orleans, Louisiana. Pittman Construction acquired an "all risks" insurance policy from National covering at least some of that equipment. The policy was in effect at the time Hurricane Katrina hit New Orleans in 2005. Pittman Construction's equipment was damaged, and Pittman Construction filed suit against National under the policy. The parties dispute whether the damage was caused by Katrina-related rain and wind or flooding, the latter being excluded from coverage under the insurance policy.[1]

Both parties moved for summary judgment. In support of its motion and in opposition to National's motion, Pittman Construction submitted two affidavits from the company's owner, Jay Pittman, Jr. ("Pittman"). In the second

---

[1] The policy states the following:

B. EXCLUSIONS

> 1. We will not pay for "loss" caused directly or indirectly by any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss."

> > b. Water
> > > (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not[.]

2

affidavit, Pittman stated that he was actually present at the Pittman Construction facility when Hurricane Katrina hit, and that wind tore off parts of the side and roof of the company's warehouse such that rain destroyed the insured property before any flooding occurred. Pittman Construction also provided an affidavit from Donald Ellis, Jr. ("Ellis"), an electrical contractor, who averred that, after wind blew away the tarp covering the generators in Pittman Construction's yard, the rain destroyed them. Ellis's affidavit was not based upon contemporaneous observation.[2] National moved to strike Ellis's affidavit because Pittman Construction had failed to provide an expert report by Ellis by the deadline set in the district court's scheduling order and because the affidavit failed to comply with the reliability standards for expert testimony established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

National moved for summary judgment on the flood exclusion. In a suit it filed against the Corps, Pittman Construction had alleged that defects in the levee system caused flooding that destroyed Pittman Construction's equipment. Thus, National contended that Pittman Construction was judicially estopped from denying that the damages were caused by flooding.

Additionally, in opposition to Pittman Construction's motion for summary judgment and in further support of its own motion, National provided a two-page affidavit from William Blackwell, an employee of Jefferson Parish and a mechanical specialist. Blackwell conducted an investigation in October 2006—over a year after Hurricane Katrina—of equipment to be installed at one of the sites pursuant to the Cousins Contract. Blackwell opined that "rain would not have caused the type of damages sustained by the equipment. The water damage to the equipment would only have occurred as a result of the equipment

---

[2] The affidavit also said that the destruction of the generators "took place long before the flood waters of Hurricane Katrina occurred as a result of breaches in the New Orleans levee system."

No. 10-30950

being submerged in water." Pittman Construction did not object to this affidavit until its motion to alter or amend the judgment.

The district court granted National's motion for summary judgment and dismissed Pittman Construction's suit. The district court found the Pittman affidavits insufficient to create a fact issue because "mere allegations in the form of patently self-serving affidavits do not create an issue of fact precluding summary judgment." The district court also struck the Ellis affidavit on timeliness grounds alone. Furthermore, the court found that the Blackwell affidavit demonstrated that flooding caused or contributed to the damage to the equipment, and therefore, triggered the policy's anti-concurrent causation clause. Pittman Construction filed a Rule 59(e) motion to alter or amend the judgment, which the district court denied. Pittman Construction appealed.

## II. STANDARD OF REVIEW

This court reviews a grant of summary judgment *de novo*, applying the same standard as the district court. *Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006). Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a summary judgment motion, this court views the evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported

4

No. 10-30950

speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

## III.  DISCUSSION

"'Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'" *Bilbe v. Belsom*, 530 F.3d 314, 315 (5th Cir. 2008) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citation omitted)).  "'If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.'"  *Id.* (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d at 207 (citation omitted)).

In addition, "'Louisiana law . . . places the burden on the plaintiff [insured] to establish every fact essential to recovery and to establish that the claim falls within the policy coverage.'"  *Williams v. Allstate Indem. Co.*, 359 F. App'x 471, 473 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Ho v. State Farm Mut. Auto Ins. Co.*, 862 So. 2d 1278, 1281 (La. Ct. App. 2003)).  "Once he has done this, the insurer has the burden of demonstrating that the damage at issue is excluded from coverage." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009); *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) (stating that once the insured meets its burden to show that the loss is covered by the policy, "the insurer bears the burden of proving the applicability of an exclusionary clause within a policy"), *modified on other grounds on reh'g*, 782 So. 2d 573 (La. 2001).  Because this policy was an "all risks" policy, Pittman Construction was required only to show damage during the policy period.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 208 (citation omitted) (stating that an "all-risks" policy provides "a special type of coverage that extends to risks not usually covered under other insurance; recovery under an all-risk policy will be allowed

for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage"). The burden then shifted to National to prove that the damages were caused by an excluded peril. *Dickerson*, 556 F.3d at 295; *Doerr*, 774 So. 2d at 124; *Dawson Farms, L.L.C. v. Millers Mut. Fire. Ins. Co.*, 794 So. 2d 949, 951 (La. Ct. App. 2001).

On appeal, Pittman Construction argues that the district court erred in failing to consider the Pittman affidavits as competent summary judgment evidence raising at least a fact issue as to whether wind and rain, rather than flooding, caused the damage to the equipment.[3] The district court found that the affidavits provided no foundation for the assertion that the hurricane destroyed the equipment before the flood. The court also rejected the affidavits as patently self-serving. Because the district court also struck the Ellis affidavit that Pittman Construction submitted, the district court found no competent summary judgment evidence creating a fact issue as to the cause of the damage to the equipment.

To the extent that the district court chose not to consider the Pittman affidavits because they were "self-serving," this ruling was in error. A party's own testimony is often "self-serving," but we do not exclude it as incompetent for that reason alone. *See Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 513 (5th Cir. 1999), *superseded by* FED. R. EVID. 103(a) *on other grounds as recognized in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002) ("[M]erely claiming that the evidence is self-serving does not mean we cannot consider it or that it is insufficient. Much evidence is self-serving and, to an extent, conclusional.") Instead, an affidavit based on personal knowledge and containing factual

---

[3] Pittman Construction provided Pittman's first affidavit in support of its motion for summary judgment. Pittman's second affidavit, which contained additional facts, was filed by Pittman Construction in opposition to National's motion for summary judgment.

assertions suffices to create a fact issue, even if the affidavit is arguably self-serving. *See, e.g., Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) ("Provided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial—a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts."); *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000) ("[A] 'party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.'" (quoting *Cadle Co. v. Hayes*, 116 F.3d 957, 961 n.5 (1st Cir. 1997))); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010) ("A court may not disregard evidence merely because it serves the interests of the party introducing it."); *Williams v. Shields*, 77 F. App'x 501, 503 (10th Cir. 2003) (unpublished) ("As long as an affidavit is 'based upon personal knowledge and sets forth facts that would be admissible in evidence,' . . . such averment of a party is legally competent to oppose summary judgment, notwithstanding its inherently self-serving nature." (internal citation omitted)). If all "self-serving" testimony were excluded from trials, they would be short indeed.

Pittman's affidavits assert that he was present at the warehouse and saw the wind tear off parts of the roof and siding of the building, thereby allowing rain to enter. The affidavits also asserted that it was well-known in the industry that the generators were sensitive to water and would be destroyed if certain parts became wet.[4] Although arguably "self-serving," the affidavits are not

---

[4] National did not argue that Pittman's affidavits contained improper expert testimony. "Under [Federal Rule of Evidence] 701, '[a] lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the [fact finder].'" *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551 (5th Cir. 2005). Notably, "Rule 701 does not exclude testimony by corporate officers or business owners

wholly conclusory, are based on personal knowledge, and create a fact issue as to the cause of the damage to the equipment. *See Sauquoit Fibers Co. v. Leesona Corp. (In re Yarn Processing Patent Validity Litig.)*, 498 F.2d 271, 287 (5th Cir. 1974) (finding that the district court erred in disregarding "self-serving comments" that created a fact issue; noting that "[q]uestions of credibility should not normally be decided by means of summary judgment but should be left for the trier of fact"). Accordingly, the district court erred in disregarding the Pittman affidavits. Because the Pittman affidavits created a fact issue as to the sole cause of damage to some of the equipment, summary judgment for National was improper.

We recognize that National also argues judicial estoppel as a basis for affirming the summary judgment. However, at the time summary judgment was granted, the proceedings before the Corps were ongoing, making the record insufficiently developed for us to consider judicial estoppel at this point. Thus, we leave this matter for the district court to address upon a complete record on remand.

In light of the unobjected-to affidavit of Blackwell, however, we cannot conclude that the district court erred in denying summary judgment to Pittman. With respect to the striking of the Ellis affidavit, because that ruling was based upon a timetable since changed by the fact of the summary judgment and this appeal, we leave consideration or reconsideration of that ruling to the district court on remand in the first instance.

Finally, we affirm the district court's granting of summary judgment in favor of National as to the small tools and equipment coverage and debris

on matters that relate to their business affairs, such as industry practices and pricing." *Id.* at 551-52; *see also Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) ("Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert.").

removal coverage.  Pittman Construction had the burden of proof to establish coverage for the small tools and equipment, as the policy does not include those items unless certain conditions are met.[5]  *See Doerr*, 774 So. 2d at 124 ("When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms."). There is no indication that the small tools and equipment listed in the schedule were submitted to National for calculation of a premium.  Nor did Pittman Construction provide evidence corroborating the statement in one of Pittman's affidavits that the tools and equipment were part of the contract price.  *Compare United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (finding that an affidavit testifying that a third party paid the defendant's debt for him was not sufficient to create a genuine issue of material fact as to whether loans had been paid in full, as the defendant produced no evidence of the payment), *and State Farm Fire & Cas. Co. v. Delta Beverage Grp. Inc.*, 401 F. App'x 955, 959 (5th Cir. 2010) (per curiam) (unpublished) (finding that an affidavit, without corroborating evidence, stating that neither the affiant nor his employees plugged a cooler into an extension cord was insufficient to defeat summary judgment because, among other reasons, the affiant could not have personal knowledge of all the actions of his employees over a two-year period), *with Ellipse Commc'ns., Inc. v. Caven*, No. 3-07-CV-1922-0, 2009 U.S. Dist. LEXIS 96582, at *4 (N.D. Tex. Oct. 16, 2009) (distinguishing the "legless alibi" submitted in *Lawrence* from the affidavit submitted by a party that described detailed, recent transactions among institutions whose representatives would be readily available, together with records, for further discovery to prove or disprove assertions made).

---

[5] The policy specifically does not provide coverage for "[p]roperty which will not become part of the installation, except tools and equipment for which the costs: (1) [i]s included in the contract price; and (2) [h]as been reported to us for premium purposes[.]

No. 10-30950

Although the Pittman affidavits raised a fact issue as to whether rain alone destroyed the generators, they did not indicate that the small tools and equipment were destroyed by a covered peril.  Thus, the summary judgment for National regarding coverage for the small tools and equipment was proper.  Similarly, Pittman did not raise a fact issue with respect to compliance with the conditions precedent as to debris removal coverage.

## IV.  CONCLUSION

Based on the foregoing, we AFFIRM the summary judgment as to the small tools and equipment coverage and debris removal coverage, and REVERSE the summary judgment as to the remaining issues.  We REMAND for further proceedings consistent with this opinion.