# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30048

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2016

Lyle W. Cayce
Clerk

CELEBRATION CHURCH, INCORPORATED,

> Plaintiff - Appellant

v.

UNITED NATIONAL INSURANCE COMPANY,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1050

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

PER CURIAM:*

Celebration Church, Incorporated, ("Celebration Church") appeals the district court's grant of summary judgment in favor of United National Insurance Company ("UNIC"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30048

## I. Background

Celebration Church is the owner of commercial property located in Metairie, Louisiana. In 2013, Celebration Church discovered that thieves had opened seven air conditioning units installed on the rooftop of its commercial property and had stolen the units' condensers, resulting in the loss of condenser coils and refrigerant. Celebration Church filed a claim with UNIC under its all-risk commercial property insurance policy, and UNIC denied coverage on the basis that the theft fell under the Theft of Attached Metals or Alloys and Associated Vandalism Total Exclusion ("Precious Metals Exclusion"). The Precious Metals Exclusion states:

> We will not pay for loss or damage caused by or resulting from any of the following: . . .
> Theft or attempted theft, and any vandalism caused by or resulting from such theft or attempted theft, of any copper, aluminum or any other precious or semi-precious alloys or metals that are attached or connected to buildings or structures, or are part of any machinery or equipment attached or connected to buildings or structures.

Celebration Church filed suit against UNIC in Louisiana state court, and UNIC removed to federal court on the basis of diversity jurisdiction. Celebration Church and UNIC filed cross-motions for summary judgment, and the district court ruled in favor of UNIC. Celebration Church timely appealed.

## II. Standard of Review

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). "On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Id.* (citation omitted). We review a district court's interpretation of an insurance

policy de novo. *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 486 (5th Cir. 2004).

## III. Discussion

Celebration Church argues that the district court erred in concluding that there was no coverage under the policy due to the Precious Metals Exclusion. If an insurance policy's wording is "clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Bilbe v. Belsom*, 530 F.3d 314, 315 (5th Cir. 2008)(quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 207 (5th Cir. 2007)); *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).[1] At the summary judgment stage, UNIC has the burden of producing evidence to make a prima facie case that the exclusion applies, at which point the burden shifts to Celebration Church to present evidence that a genuine dispute of material fact remains. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 359 (5th Cir. 2010).

The Precious Metals Exclusion unambiguously applies to this case. It clearly excludes from coverage losses or damages "caused by or resulting from" the "theft . . . of . . . copper [or] aluminum" coils from rooftop air conditioning units—in other words, from "machinery or equipment attached or connected to buildings or structures."

Celebration Church attempts to argue that UNIC did not meet its burden of proving that the Precious Metals Exclusion applies because UNIC failed to prove the composition of the condenser coils. This argument is without merit. UNIC points to the testimony of numerous witnesses familiar with the air conditioning units at issue, some of whom examined the air conditioning units directly after the theft. All testified that the coils were either copper or aluminum, both of which are explicitly listed in the Precious

---

[1] Both parties agree that Louisiana law applies to this dispute.

No. 16-30048

Metals Exclusion.    Celebration Church unsuccessfully attempts to create a dispute of material fact by arguing that one of the witnesses expressed uncertainty as to the composition of the coils.  In reality, however, the witness actually testified that the condenser coils "may have been copper, may have been aluminum. *But it's one or the other.*" (emphasis added).    Thus, the witness's uncertainty actually stemmed from an irrelevant distinction, because both metals are expressly listed in the Precious Metals Exclusion.  Celebration Church also failed to produce any evidence suggesting that the condenser coils were made of anything other than copper or aluminum.  The district court therefore did not err in concluding that there was no genuine dispute of material fact as to the composition of the coils.[2]  The Precious Metals Exclusion applies.

Also unpersuasive is Celebration Church's argument that the loss of refrigerant as a result of the theft falls outside the scope of the Precious Metals Exclusion.  Essentially, Celebration Church attempts to argue that the loss of refrigerant was a theft separate and apart from the theft of the condenser coils, such that the loss of refrigerant was not a loss "caused by or resulting from" the theft of copper or aluminum.  A mechanical contractor who examined the air conditioning units testified that in order for thieves to successfully steal the refrigerant, it would require a time-consuming process using specialized equipment to prevent the refrigerant from immediately evaporating into the atmosphere.  The contractor further testified that he saw no indication that such a process was used in this instance.

---

[2] Celebration Church claims that coverage exists by arguing that condenser coils are "covered equipment" as defined in the policy's Equipment Breakdown Endorsement.  But the Endorsement specifically states that UNIC will "pay for loss caused by or resulting from an '*accident*' to 'covered equipment.'" (emphasis added).    It is undisputed here that the losses were caused by theft, not any accident.  The Equipment Breakdown Endorsement is therefore inapplicable.

4

No. 16-30048

Despite this testimony, Celebration Church failed to present any evidence that would lend support to the implausible theory that the thieves engaged in the complicated and time-intensive process to successfully steal the refrigerant by maintaining it in liquid form. Accordingly, Celebration Church failed to create a genuine dispute of material fact as to whether the loss of refrigerant fell outside of that which was "caused by or resulting from" the theft of the copper or aluminum coils. *See Certain Underwriters at Lloyds, London v. Law*, 570 F.3d 574, 579 (5th Cir. 2009) (applying a similar standard under Texas law[3] and concluding that damage resulting from the theft of rooftop air conditioning coils was not covered under an insurance policy because "[t]he plain language . . . leaves little room for debate that this was damage 'caused by or resulting from' theft and is thus excluded from coverage by virtue of the theft exclusion").

Celebration Church also attempts to find support for its arguments from *Haas v. Audubon Indemnity Co.*, 722 So. 2d 1022 (La. Ct. App. 1998). This argument fails because the relevant parts of the policy in *Haas* bear little resemblance to the policy at issue here. *Haas* involved a policy that required the court to distinguish between losses caused by vandalism (covered under the policy) and losses caused by theft (not covered). *See id.* at 1027–28. Here, however, the Precious Metals Exclusion clearly excludes from coverage any losses caused by or resulting from both "[t]heft . . . *and* any vandalism caused

---

[3] While Celebration Church contends that *Certain Underwriters at Lloyds* is inapplicable because it applied Texas law, Texas and Louisiana law do not materially differ in this regard because both interpret insurance policies to give effect to the "intention of the parties as expressed in the instrument." 570 F.3d at 577 (citation omitted); *accord Cadwallader*, 848 So. 2d at 580 ("The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract.").

by or resulting from such theft." (emphasis added).   *Haas* is therefore inapplicable to this case.

The Precious Metals Exclusion bars coverage in this case.  We AFFIRM.